FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 11 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHERRI JEFFERSON,

     Plaintiff,

v.

THE STATE BAR OF GEORGIA; and SHARON L. BRYANT, in her official capacity, SARAH B. COOLE, in her official, WILLIAM COBB, in his official capacity as Bar Counsel; PATRICK LONGAN, in his official capacity as special master for the Bar, ANTHONY ASKEW, in his official capacity as review panel chairman

Civil Action No. 1:22-CV-1883

**Demand for Jury Trial[1]**

**Seek Class Certification**

## COMPLAINT

**Sherri Jefferson, plaintiff herein, alleges as follows:**

1. For almost two decades during the periods of 2000 through 2019, the State Bar of Georgia *et al* engaged in acts with the purposeful, intentional and malicious intent of violating Jefferson's civil and constitutional rights in violation of the *Equal Protection Clause* of the Fourteenth Amendment. *See Exhibit 1*. In furtherance of these violations, by October 2019, the State Bar of Georgia knowingly engaged in the act of *Fraud Upon the Court* when they knowingly, maliciously, and intentionally presented fabricated evidence and a false narrative to deprive and grossly interfere with her property right – license, thereby denying her Due Process under the Fifth and Fourteenth Amendments of the U.S. Constitution and Georgia.

---

[1] Pursuant to the Seventh Amendment, Jefferson demands a trial by jury.

2. The State Bar of Georgia enforced its Rules of Professional Conduct with knowledge of the *fraud upon the court* and the disproportionate (disparate[2]) effect that their disciplinary proceedings, both singly and together had and has on Black attorneys. Said disciplinary proceedings are marred by arbitrary, capricious and discriminatory enforcement of the Rules of Professional Conduct. This action is not barred by *Young, Feldman or the 11th Amendment.*

3. Jefferson files this action pursuant to 42 U.S.C. § 1985 and 42 U.S.C. § 1983 and other applicable laws governing personal injury for *Fraud Upon the Court* to enforce equal protection guaranteed by the Fourteenth Amendment; Due Process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Georgia; and, to remedy damages sustained by the act of *fraud upon the court* and said violations.

4. In this action, Jefferson also challenges the *fraud upon the court*, committed under 'color or law', and violations rooted in discrimination and disparate[3] treatment of Black lawyers and in the State of Georgia, singly and together.

5. Evidence presented in this action also demonstrates disparity in treatment of minority lawyers who attended law schools outside of the State of Georgia or schools other than the "Big Four" – Emory, Mercer, University of Georgia, and Georgia State University.

## 1.

## NATURE OF THE ACTION[4]

---

[2] The Bar's actions are intended and intentional

[3] Evidence herein proves that the Bar's "disparate treatment" is both intended and intentional

[4] Although the state possesses broad powers to regulate boxing, however, it may not exercise those powers in such a way as to deny to an applicant the equal protection of the state's laws, which is guaranteed to him by the Fourteenth Amendment. A deliberate and arbitrary discrimination or inequality in the exercise of regulatory power, not based upon differences that are reasonably related to the lawful purposes of such regulation, violates the Fourteenth Amendment. McLaughlin v. Florida, 379 U.S. 184, 190, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); Cohen v. Hurley, 366 U.S. 117,

**6.** This action is brought by Sherri Jefferson to enforce 42 U.S.C. § 1985, Obstructing justice and conspiring to deprive persons of their rights or privileges; and 42 U.S.C. § 1983, Civil action for deprivation of rights. Also see. *Monroe v. Pape*, 365 U.S. 167 (1961) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and *Lapides v., Board of Regents of University System of Georgia*, 535 U.S. 613 (2002). This action also presents a claim and damages for *fraud upon the court*[5].

    **a)** This action also presents unique and precedented position, which support claims of violation of Title VII of the Civil Rights Act of 1964, as amended, 4 U.S.C. sec. 2000e, et seq., the Civil Rights Act of 1866, 42 U.S.C. sec. 1981, Executive Order 11246, as amended, and any other applicable federal, state, and local constitutional or statutory provisions insofar as said acts prohibit racial discrimination and disparate treatment in licensing. In the instant matter, said

---

81 S.Ct. 954, 6 L.Ed.2d 156 (1961); Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); Schware v. Board of Bar Examiners, 353 U.S. 232, 238-239, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1935); Raymond v. Chicago Union Traction Co., 207 U.S. 20, 28 S.Ct. 7, 52 L.Ed. 78 (1907); Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L. Ed. 220 (1886); Glicker v. Michigan Liquor Control Commission, 160 F.2d 96 (6th Cir. 1947). In determining whether there has been such an arbitrary denial of equal protection, the acts of the state's duly constituted Athletic Commission or similar agency are deemed to be those of the state itself. United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966); Griffin v. Maryland, 378 U.S. 130, 84 S.Ct. 1770, 12 L.Ed.2d 754 (1964); Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). In short, the exercise of state power by a state agency in the issuance or refusal of licenses to engage in a regulated activity should not represent the exercise of mere personal whim, caprice or prejudice on the part of such agency. Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); Glicker v. Michigan Liquor Control Commission, 160 F.2d 96 (6th Cir. 1947); State ex rel. O'Neil v. Town of Hallie, 19 Wis.2d 558, 120 N.W.2d 641 (1963). It should, and constitutionally must, have some rational basis. Citing **Ali v. Division of State Athletic Commission of the Department of State**, No. 69 Civ. 4867. September 14, 1970.

[5] Fed Rule 60(b)(6) residual clause and Fed Rule 60 (d)(3).

licensing board is akin to an employer or employment agency, which

discriminates against employees based upon race.

b) Landrum-Griffin Act.

## II.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 2201 and any other applicable statutes[6].

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) and any other application statutes.

## III.

## PARTIES AND DEFENDANTS

---

[6] The Supreme Court of Georgia said, it would not accept "original jurisdiction" of this matter in its April 9, 2022 decision. Jefferson cited Ali. In Ali, the United States District Court for the Southern District of New York in the Second Circuit wanted New York State Court to oversee and rule upon the acts of its own state agency. Citing, "**Forced as we are to assume jurisdiction over this federalized dispute**, Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969); Houghton v. Shafer, 392 U.S. *1249 639, 88 S. Ct. 2119, 20 L. Ed. 2d 1319 (1968), **even though we would prefer that Ali invoke New York state court procedures** (e. g., an Article 78 proceeding) **rather than risk exacerbation of our relations with the state and its agency, the Athletic Commission, we must now decide whether plaintiff has adduced sufficient evidence to demonstrate a strong likelihood that the Commission's action violated his equal protection rights and that he will suffer irreparable injury unless preliminary relief is granted.** Checker Motors Corp. v. Chrysler Corp., 283 F. Supp. 876 (S.D. N.Y.1968), aff'd, 405 F.2d 319 (2d Cir. 1969)." Quoting *Muhammad Ali v. State Athletic Commission*, 316 F.Supp. 1246 (1970) **at 1249.**

9. Sherri Jefferson is authorized to file a civil action seeking injunctive, preventive, and permanent relief as well as damages for violations of 42 U.S.C. § 1985, 42 U.S.C. § 1983 and other statutes referenced herein applicable to *Fraud Upon the Court.* Sherri Jefferson is hereinafter the plaintiff/petitioner.

10. Defendant, State Bar of Georgia is the agency vested with authority in 1963 by the Supreme Court[7] of Georgia to govern the legal profession (admission, discipline and the practice of law),

11. Defendant, William Cobb is (was) employed by the State Bar of Georgia as counselor and vested with authority to oversee compliance with the Rules of Professional Conduct. He spearheaded the proceedings against Jefferson and several other lawyers leading to discipline by "virtue of default." He is also responsible for *fraud upon the court.*

12. Defendant, Patrick Longan is (was) an independent contractor for the State Bar of Georgia as one "appointed" by the Supreme Court of Georgia to serve as "special master" over proceedings regarding the Rules of Professional Conduct. He presided over the fraud upon the court and knew or had reason to know of the fraud.

---

[7] Matters relating to the practice of law, including the admission of practitioners, their discipline, suspension, and removal, are within the inherent and exclusive power of the Supreme Court of Georgia. [Cits.]" Carpenter v. State, 250 Ga. 177 (297 SE2d 16) (1982). Pursuant to its inherent power to supervise regulation of the practice of law in Georgia, this court created and established the State Bar of Georgia. Wallace v. Wallace, 225 Ga. 102, 109 (166 SE2d 718) (1969). In an exercise of the concomitant power to make rules for the government of the administrative arm so created (Sams v. Olah, 225 Ga. 497 (4) (169 SE2d 790) (1969)), this court has designated itself as the only court with jurisdiction of the State Disciplinary Board and any person connected in any way with disciplinary proceedings with respect thereto. State Bar Rule 4-225.[1] See also 1983 Ga. Const., Art. VI, Sec. I, Par. IV.[2] Citing, Scanlon v. State Bar of Georgia, 264 Ga. 251 (1994).

13. Defendant, Sarah Cole is the Chief Operating Officer of the State Bar of Georgia and knew and had reason to know of the *fraud upon the court*.

14. At all times relevant to this action, all defendants enumerated in paragraphs 9-12 knew and had reason to know, initiated, participated, caused, engaged, and/or are responsible for arbitrary, capricious, discriminatory enforcement and disparate treatment of Black attorneys, singly (as-applied) and together.

15. All defendants operated from within the State Bar of Georgia offices located at 41 Marietta Street, Atlanta, Georgia within the jurisdiction of this Court.

16. The defendants shall be known as "Defendants or State Bar et al" or otherwise by their specific name to reference specific acts in violations.

## IV

## FACTUAL ALLEGATIONS

17. Between November 2000 and October 2019, the State Bar of Georgia, its officers, staff, employees and agents, engaged in several specific acts of racial discrimination, disparate treatment and *fraud upon the court* targeting singly, Sherri Jefferson and other Black lawyers in the State of Georgia. *See Exhibit 1*

*Denial of Equal Protection[8]: Disparity and Discrimination*

---

[8] See. McLaughlin v. Florida, 379 U.S. 184, 190, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); Cohen v. Hurley, 366 U.S. 117, 81 S.Ct. 954, 6 L.Ed.2d 156 (1961); Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); *Citing Ali v. Division of State Athletic Commission of the Department of State,* No. 69 Civ. 4867. September 14, 1970.

18. On the exact same day, October 7, 2019 that the Bar via the Court entered an order against Jefferson. A white female attorney, Denise Hermann had committed over twelve (12) separate incidences of misconduct. She had appeared before the Supreme Court of Georgia more than four times, to include an order of disbarment that was immediately vacated and set aside (the Supreme Court accepted "original jurisdiction over her case unlike Jefferson) and despite her fifth appearance in 2019, the Court refused to issue any disciplinary action against her. Three lawyers were subject to discipline on October 2019, two black women and one white. Both Black women were disciplined and the white female, Hermann was not disciplined.

19. The same period special master Patrick Longan ruled to discipline Jefferson, he dismissed two complaints against white attorneys, one a white female law school graduate from Mercer University. The State Bar of Georgia *et al* violated Jefferson's civil and constitutional rights when they subject her to discriminatory, arbitrary and capricious enforcement of the Rules of Professional Conduct, engaged in *fraud upon the Court* and knowingly treated her differently than her white counterparts.

    a) Mr. Cobb, a white male attorney for the State Bar of Georgia engaged in discriminatory prosecution of black versus white attorneys. For example, Cobb cases and outcomes differed for White attorneys than for Jefferson and other Black lawyers accused of the same or less infractions. Supreme Court of Georgia. IN RE: *Shannon Briley-Holmes*. S17Y0668 Decided: February 27, 2017. Here, Mr. Cobb did not oppose a voluntary petition of discipline for Shannon despite allegations of violating the rights of eleven (11) clients. Worth noting, he states, "*Finally, as the special master aptly put it, Together, these cases reveal a*

*disturbingly extensive pattern of similar misconduct extending over a period of several years, including seven cases of abandonment (Rule 1.3), [three] cases involving failure to 23 communicate with clients (Rule 1.4), and four cases of violating obligations to clients upon termination of representation Rule 1.16)."*

b) Mr. Cobb agreed to a one-year suspension. Ms. Holmes is a white female attorney. Cobb he never sought disbarment. The court rejected her suspension petition, but he never opposed it!  Instead, he continue to fight to authorize her to practice law, saying "*Nevertheless, the State Bar recommends that this Court accept Briley   Holmes' petition because it believes that a one-year suspension with conditions for reinstatement as specified in her petition would be an appropriate discipline for her conduct, as a penalty to her, a deterrent to others, and an indication to laymen that the courts will maintain the ethics of the profession.* See In the Matter of Ricks, 289 Ga. 136 (710 SE 2d 749) (2011).

c) Another example, In Attorney John Spain case [S17Y1287]. He is a white male, Mr. Cobb presided as a prosecutor and Anthony Askew as Review Panel Chair. They gave this individual a 30-day suspension for ***criminal conviction*** of his plea of no contest to stalking, sending harassing email communications, which allegedly contained threatening language, intimidation and personal attacks on opposing counsel, and made inappropriate remarks about counsel and members of her family.

d) Other examples, includes evidence of white attorneys who were **charged with and convicted of crimes** who were never subject to disciplinary action; white attorneys who were found guilty of murder [*Claude McIver*] were never subject to

disciplinary actions. Only after conviction and appeal did he become subject to suspension and not disbarment.

e) Compare and contrast, the bar moved forward against Jefferson with prosecution for discipline with no evidence or finding of wrongdoing and fully aware that Jefferson had never been found charged, tried or found guilty of any wrongdoing. More compelling, is the Bar moves to prosecute Black attorney upon mere allegations of wrongdoing without waiting for evidence or adjudication of the allegations. Whereas, White lawyers are given the benefit of final adjudication and appeal before the Bar will prosecute for disciplinary action based upon the alleged misconduct.

f) For Black lawyers, there is no standard or uniform method of prosecuting or disciplining attorneys, and the unbridle discretion has a discriminatory effect as applied and on its face. [Exs: *Kimberly Copeland, Denise Majette, Michael Edding,* etc.].

g) In fact, before disbarring *Sam Levine*[w/m] he was provided three (3) different special masters. All his motions for reappointment of special masters were approved; Jefferson was denied reappointment of Patrick Longan where she demonstrated clear conflict of interest. See Exhibit 1.

h) Before disbarring *Patrick Kaufman w/m*, he was provided extensive opportunities by the Office of General Counsel, had multiple bar complaints from different clients based upon serious allegations of misconduct even leading to a wrongful conviction of a defendant.

    i) Before disbarring Millard Farmer w/m, the Bar waited until his federal case adjudicated. He did not face any disciplinary actions during pendency of his trial.

    j) Before disciplining Newell Hamilton w/m, he faced multiple allegations of professional misconduct before the bar ever pursued him and when doing so, he was not disbarred

    k) Claude McIver had evidence of bribing a judge over a recorded jail call, and was arrested and indicted for murder. Yet he never faced disciplinary actions even after a jury convicted. Then, his lawyers moved the Bar to wait for his appeal.

20. Research and evidence reveal disparity and targeting specific attorneys by race, law school of attendance and locale.

    a) John Marshall Law School graduates are 100x more likely to be subject to discipline than other law school graduates in Atlanta. The Bar also is more likely to target out-of-state law school graduates on the same level as JMLS, but accord Mercer, GSU, Emory and UGA deference and preferential treatment.

    b) In viewing 80 cases of discipline assigned to the Bar OGC since 2014 over 90% of the cases recommended for or subject to disbarment and suspension from the practice of law by specific prosecutors are blacks and graduates of John Marshall Law and out of area law school graduates.

    c) Within the 3-6 months before Jefferson's order - 90% of all lawyers subject to discipline were JMLS grads and/or out of area lawyers. 1. Attorney Nancy Martin-Veator jmls 2. Attorney Thomas Stewart jmls 3. Mr. David P. Rachel jmls 4. Mr. Sam Levine jmls 5. Shannon Briley Holmes[9] jmls 6. Amber C. Saunders

---

[9] White female got double standard from William Cobb.

jmls 7. Atty Willie G. Davis jmls 8. Atty Neil Larson jmls Schools other than JMLS and out of state law school graduates subject to discipline in the last 3- 6 months 9. Richard Hunt (Woodrow Wilson) 10. George W. Snipes (Woodrow Wilson) 11. Attorney Sydnor 12. Atty Podvin 13. Atty Koplan 14. Atty R. Polk, L. Annis 15. Atty Sherri L. Washington 16. Kara S. Lawrence 17. Jeff Sakas 18. Bonnie Youn 19. Atty LeDoux Disciplines

d) The following lawyers were disciplined during 2014-2015 when the Bar initiated its complaint against Jefferson: Joel David Myers, disbarred UoSC 2015 21. Miguel Garcia - disbarred MU 22. Atty Kizito U of Missouri 23. C. Lain Southern U 24. Perrin Lovett Nova 25. Lesley Annis Golden State 26. Hamer ALS 27. Sam Levine JMLS 28. David Rachel JMLS 26 29. Joseph Arrington 30. Gerald Fudge (disbarred from practice upon criminal *indictment*. Compare to Claud McIver w/m indicted and guilty by jury verdict for murder never disbarred until after filing appeal) U of Tenn 31. Walter Linton UGA 32. Cheryl Braziel JMLS (S18Y0162) 33. Michael L. Terrell Nova 34. Neil Larson JMLS 35. Jennifer Wright Loyola U 36. Anthony Kerr Howard U 37. Morris Fair JMLS 38. L. P. Kates JMLS 39. Perry Bailey Florida Coastal 40. Laurie Thomas Florida Coastal 41. Craig Bonnell LSU 42. Richard Buckley Woodrow Wilson 43. W. Merisotis,

21. Compare Discipline of White Attorneys to Black Attorneys.

White lawyers committed far more egregious acts than their Black counterparts, but were either never disciplined or received reprimands. Exs: Claud L. McIver III (convicted of murder) 1075 Peachtree St. NE, Suite 3500 Atlanta, GA 30309 Admitted to Bar 1973

Indefinite Suspension 06/04/2018 https://www.gabar.org/forthepublic/recent-discipline.cfm Retrieved on December 2, 2018 at 12:16 pm

22. More than 144 lawyers continued to practice law despite committed acts far more egregious than Jefferson and other Black lawyers were accused. 1. Attorney Jefferson Adams of Jackson, GA 2. Attorney Stephen Adkins Jr. of Hoschton, GA 3. Attorney R. James Babson Jr. of Atlanta 4. Attorney Roy Barnes of Marietta, GA 5. Attorney Tiffini Bell of Atlanta 6. Attorney Michael Berlon of Grayson, GA 7. Attorney Leighton Berry, Jr. of Atlanta 8. Attorney James Bone of Villa Rica, GA 9. Attorney Nikki Bonner of Atlanta 10. Attorney Jerry Boykin of Powder Springs, GA 11. Attorney Suzanne Boykin of Clarkesville, GA 12. Attorney John Branan of Macon, GA 13. Attorney Shannon Briley-Holmes of Jonesboro, GA 14. Attorney Valerie Brown-Williams of Albany, GA 15. Attorney Richard Buckley, Jr. of Tifton, GA 16. Attorney Dianne Busch of Marietta, GA 17. Attorney Johnnie L. Caldwell, Jr. of Thomaston, GA 27 18. Attorney Dale Calomeni of Roswell, GA 19. Attorney John Cannon of Albany, GA 20. Attorney Joseph Carragher, Jr. of Atlanta 21. Attorney Melissa Clyatt of Valdosta, GA 22. Attorney Lourdes Coleman of Augusta, GA 23. Attorney Adam Conti of Atlanta 24. Attorney Christopher Corley of Augusta, GA 25. Attorney James Cornwell, Jr. of Toccoa, GA 26. Attorney David Cortman of Lawrenceville 27. Attorney Gary Coulter of Bogart, GA 28. Attorney Chalmer Detling II of Marietta, GA 29. Attorney Oliver H. Doss, Jr. of Blue Ridge, GA, 30. Attorney Robert Eddleman of Carrollton, GA 31. Attorney Reed Edmondson Jr. of Covington, GA 32. Attorney Michael Edmunds of Marietta, GA 33. Attorney Shirley Edwards of Clarkston, GA 34. Attorney Perry Ellis of Atlanta, GA 35. Attorney Christopher Elrod of Oakwood, GA 36. Attorney Morris Fair Jr. of Decatur,

GA; 37. Attorney Robert Falanga of Alpharetta, GA; 38. Attorney David Farnham of Blue Ridge, GA 39. Attorney Beryl Farris of Atlanta 40. Attorney James Flynt of Atlanta 41. Attorney Randolph Frails of Augusta, GA 42. Attorney John Giglio of Ringgold, GA 43. Attorney Kenneth Glenn of McDonough, GA 44. Attorney Robert Glickman of Atlanta 45. Attorney Jeffrey Grable of Marietta, GA 46. Attorney Johnnie Graham of Albany, GA 47. Attorney Gayle Graziano of Hiawassee, GA 48. Attorney Michael Greene of Canton, GA 49. Attorney R. Joseph Hammill of Brunswick 50. Attorney Newell Hamilton Jr. of Brunswick, GA 51. Attorney Clifford Hardwick IV of McDonough, GA 52. Attorney Richard Harste of Savannah, GA 53. Attorney David Hartin of Marietta, GA 54. Attorney Tyrone Haugabrook of Valdosta, GA; convicted tax 55. Attorney William Heitmann III of Poler, GA 56. Attorney Warner Hodges of Cumming, GA 57. Attorney Neal Howard of Columbus, GA 58. Attorney Scott Huggins of Cumming, GA 59. Attorney Charles Hutt of Atlanta 60. Attorney Nicole Jones of Douglasville, GA 61. Attorney David Judah of Macon, GA, Theft 62. Attorney Scott King of Atlanta 63. Attorney Steven Koval of Atlanta 28 64. Attorney Ronnie Lane of Monroe, GA 65. Attorney Shanina Lank of Douglasville, GA 66. Attorney David Lashgari of Marietta, GA 67. Attorney Lisa Lenn of Woodstock, GA 68. Attorney John Leslie of Marietta, GA 69. Attorney Robbie Levin of Marietta, GA; convicted 70. Attorney John Lewis IV of Augusta, GA; convicted 71. Attorney John Lloyd of Savannah, GA 72. Attorney Brace Luquire of Columbus, GA 73. Attorney Joseph Maniscalco Jr. of Atlanta 74. Attorney John Martin of Woodstock, GA; 75. Attorney Nancy Martin-Veator of Acworth, GA 76. Attorney Billy Mathis Jr. of Albany, GA 77. Attorney Tony Mathis of Stone Mountain, GA 78. Attorney E. Gilmore Maxwell of

McDonough, GA 79. Attorney Timothy McCalep of Atlanta 80. Attorney Vincent McGraw of Lawrenceville, GA 81. Attorney Claud McIver III of Atlanta, GA convicted 82. Attorney James Meaney III of Dalton, GA 83. Attorney Robert Meier IV of Atlanta 84. Attorney A. Todd Merolla of Atlanta 85. Attorney John Meyers of Atlanta 86. Attorney Brenden Miller of Jonesboro, GA 87. Attorney Christopher Miller of Jasper, GA 88. Attorney Jerry Moncus of Dalton, GA 89. Attorney Alvis Moore of Atlanta, GA 90. Attorney Jay Morrey of Norcross, GA 91. Attorney Kristopher Nathan of Monroe, 92. Attorney Hugh Nowell of Marietta, GA 93. Attorney John Olczak of Atlanta 94. Attorney Brendan O'Marra of Dallas, GA 95. Attorney Robert Ortman of Canton, GA 96. Attorney Nicholas Pagano of Savannah, GA 97. Attorney Travers Paine III of Augusta, GA 98. Attorney Christopher Palazzola of Atlanta 99. Attorney Albert C. Palmour Jr. of Summerville, GA 100. Attorney Ricardo Polk of Decatur, GA 101. Attorney Marc Pilgrim of Atlanta 102. Attorney Russell Pope of Conyers, GA 103. Attorney Patrick Powell of Dacula, GA 104. Attorney Michael Proctor of Gainesville, GA 105. Attorney David Ralston of Blue Ridge, GA 106. Attorney Alexander Repasky of Marietta, GA 107. Attorney Robert Richbourg of Tifton, GA 108. Attorney John Roberts of Atlanta 109. Attorney Charles T. Robertson II of Woodstock, GA 29 110. Attorney S. Carlton Rouse of Snellville, GA 111. Attorney Karen Sacandy of Woodstock, GA 112. Attorney Jeffrey Sakas of Atlanta 113. Attorney Daniel Saxton of Atlanta 114. Attorney Kenneth Schatten of Atlanta 115. Attorney Jeffrey Schwartz of Marietta, GA 116. Attorney William Shurling of Macon, GA 117. Attorney Jed Silver of Atlanta 118. Attorney Margrett Skinner of Macon, GA 119. Attorney John Spain of Atlanta, GA 120. Attorney John Spain of Atlanta, GA 121. Attorney Thomas Stewart of

Stockbridge, GA 122. Attorney Stephen Stincer of Savannah, GA 123. Attorney Richard Summers of Atlanta 124. Attorney James Swain of Roswell, GA 125. Attorney Michael Syrop of Marietta, GA 126. Attorney James F. Tenney of Marietta, GA 127. Attorney Michael Terrell of Marietta, GA 128. Attorney Rory Thomas of Lawrenceville, GA; 129. Attorney Brett Thompson of Ellijay, GA 130. Attorney Richard Thompson of St. Simons Island, GA 131. Attorney William Toler III of Atlanta 132. Attorney Thomas Topmiller of Marietta, GA 133. Attorney John Tucker of Newnan, GA 134. Attorney Kelly Turner of Cumming, GA 135. Attorney Carlton H. Vines of Trion, GA; convicted 136. Attorney Stephen Waldrop of Fayetteville, GA; convicted 137. Attorney Monique Walker of Augusta, GA 138. Attorney Christopher Weems of Athens, GA 139. Attorney John Welsh II of Lawrenceville, GA; convicted 140. Attorney Karen Wilkes of Rome, GA 141. Attorney Michael Winner of Sandy Springs, GA 142. Attorney Ernest H. (Bucky) Woods III of Clarksville, GA

23. By 2019, the State Bar *et al* individually and/or in concert with William Cobb and Patrick Longan and others knowingly, maliciously, wantonly, purposefully, and intentionally engaged in the act of *fraud upon the court* to deprive Jefferson of her license when they fabricate evidence, information and created a false narrative to secure her license by virtue of default.

   a) This Court is aware that the 11th Circuit Court of Appeals reviewed the October 7, 2019 order of discipine and the defenses raised by the petitioner regarding reciporcal discipline. The Circuit issued a sua sponte sealed order, which cites "*Fraud Upon the Court*" as a viable claim/defense of the petitioner.

b) Jefferson is a blameless party severely prejudiced by the State Bar of Georgia et al gross neglect and interference with her civil and constitutional rights.

c) The State Bar of Georgia violated Jefferson's rights when it interfered with her practice law. Through fraud upon the court, attorneys for the State Bar of Georgia, while acting as state actors and market participants overseeing the disciplinary process did file false charges against her. Jefferson timely responded to the formal complaint.

d) After numerous attempts by the Bar to change the allegations to implicate violations of the Rules of Professional Code of Conduct, the Bar held Jefferson in default. An order issued falsely citing she engaged in lies, dishonesty and misrepresentation during representation and presentment of a constitutional challenge before the United States District Court in the Northern District. Said order by virtue of default alleged these acts occurred before this Court. Moreover, there exists no evidence to support or uphold the Bar's allegations. Jefferson was never afforded an opportunity to be heard on these statements and they were first presented in the October 2019 order.

e) Upon review of the October 7, 2019 order, Jefferson wrote Judge T. Batten of the Northern District to inquire about the allegations regarding dishonesty, lies, mispresenting and fraud in his Court. She specifically asked him to produce evidence of these allegations, information about when he made these allegations or when his court or any officers of the Court noticed, accused, found or ruled against her in any manner.

f) What she learned shocked her conscious and any reasonable or prudent person. Judge Batten adduced to a written responsive communication stating that he had nothing to do with the Bar complaint, knew nothing about the Bar complaint, and was never involved in the Bar complaint or its proceedings. His response supports clear and convincing evidence (and/or by the preponderance of the evidence) of fraud upon the court.

g) Neither Judge Batten nor anyone from his Court made any allegation of wrongdoing.

h) The Bar fabricated evidence and information to implicate violation of Rule 3.3, 8.1 and 8.4.

i) Now, this Court could suggest that the State Bar did not rely upon or suggest that the comments derived from Judge Batten or his Court. Respectfully, that would be unsupported by the October 7, 2019 order, which clearly suggest to this Court and the public-at-large that the Private Citizen Warrant) was a misrepresentation of material facts, a lie, and an act of dishonesty, etc. And, that she committed these acts.

j) The constitutional challenges were solely before Batten's court. Batten never ruled adverse to the movant on the merits of the case. Batten never issued any order, decision, ruling, statements, or any other information directly or indirectly to the Bar or anyone else to

24. Here is the entire communication with Judge Batten that if presented to an impartial trier of fact, or timely presented to the movant prior to the issuance of the October 7, 2019 order would have changed the outcome of the case. No Bar Rules

would be implicated against her because Judge Batten's response is rebuttal

evidence against the State Bar's allegations, which they used to attain an order of

discipline by virtue of default.

--Original Message-----
From: Suzy Edwards <Suzy_Edwards@gand.uscourts.gov>
To: Attysjjeff <attysjjeff@aol.com>
Cc: Uzma Wiggins <Uzma_Wiggins@gand.uscourts.gov>; Lori Burgess
<Lori_Burgess@gand.uscourts.gov>;
Judith Motz <Judith_Motz@gand.uscourts.gov>
Sent: Wed, Nov 6, 2019 3:30 pm
Subject: RE: Order of Court
Ms. Jefferson: Let me be more clear: I have nothing to give you. I know nothing about this.
Neither Judge Batten nor anyone else in his chambers was involved in this matter in any way.
Thank you.
Suzy Edwards
Courtroom Deputy Clerk to
The Honorable Timothy C. Batten, Sr.
U.S. District Court
Northern District of Georgia
(404) 215-1422 (Atlanta)
(678) 423-3021 (Newnan)

From: Attysjjeff <attysjjeff@aol.com>
Sent: Wednesday, November 06, 2019 3:17 PM
To: Suzy Edwards <Suzy_Edwards@gand.uscourts.gov>; attysjjeff@aol.com
Cc: Uzma Wiggins <Uzma_Wiggins@gand.uscourts.gov>; Lori Burgess
<Lori_Burgess@gand.uscourts.gov>;
Judith Motz <Judith_Motz@gand.uscourts.gov>
Subject: Re: Order of Court
Ms. Edwards,
I am not asking you to determine whether the Supreme Court case is on the docket, I know that it
is not on the docket. I am asking your office to turn over the statement, order, hearing records, or
information that you gave to the State Bar of Georgia that said that I lied to your court in 2015 in
the deal case. What information did your office give them to make then advance that claim
against me under Rule 8.1 as I never lied, and was never accused by this office of lying or by the
court. In other words, ask Judge Batten to provide to you what order he issued regarding a lie or
dishonest act that I committed during self representation in Jefferson v. Deal that would lead the
Bar to accuse me of lying to his tribunal as nothing in the order references such and I have all of
the order from 2015.

Original Message-----
From: Suzy Edwards <Suzy_Edwards@gand.uscourts.gov>
To: Attysjjeff <attysjjeff@aol.com>

Cc: Uzma Wiggins <Uzma_Wiggins@gand.uscourts.gov>; Lori Burgess <Lori_Burgess@gand.uscourts.gov>; Judith Motz <Judith_Motz@gand.uscourts.gov>
Sent: Wed, Nov 6, 2019 3:12 pm
Subject: RE: Order of Court
Ms. Jefferson: Thank you for your response.
Unfortunately I cannot be of assistance to you, as there is no information on the docket of your case that pertains to the Supreme Court decision that you cited. I have nothing that I can provide on the matter.
Suzy Edwards
Courtroom Deputy Clerk to
The Honorable Timothy C. Batten, Sr.
U.S. District Court
Northern District of Georgia
(404) 215-1422 (Atlanta)
(678) 423-3021 (Newnan)

From: Attysjjeff <attysjjeff@aol.com>
Sent: Wednesday, November 06, 2019 2:46 PM
To: Suzy Edwards <Suzy_Edwards@gand.uscourts.gov>; attysjjeff@aol.com
Cc: Uzma Wiggins <Uzma_Wiggins@gand.uscourts.gov>; Lori Burgess <Lori_Burgess@gand.uscourts.gov>; Judith Motz <Judith_Motz@gand.uscourts.gov>
Subject: Re: Order of Court
Ms. Edwards,
Thank you very much for your document. To help you to better understand my question, I will state as follows:
I was subject to an order of disbarment by virtue of default, that was issued by the Supreme Court of Georgia. Said order, falsely accused me of lying to this court (federal case of Jefferson v. Deal) by citing that no woman filed a police report against me that thereby was part of the reasons why I had standing to file a challenge to the private citizen warrant statute.
A report was filed against me and I did not lie to this court or during the disciplinary action. R. 46-162 and 1271-1365 provides evidence that on February 7, 2015 that the woman filed a police report No. 15038186500 before the City of Atlanta Police Department Zone 3, that was replete with false accusations against the movant that warranted the movant contacting the employer to adduce information to prove that movant never appeared on school property, never contacted the woman at school and no emails or calls to the school were made by the respondent Etc. The grievant also filed, caused to be filed and or participated in other filings in other jurisdictions to include January 19, 2015, February 4, 2015, and February 27, 2015
Because I knew that Judge Batten had never ruled on any of the merits of the case and had never issued any order, decision, directive, instruction, hearing record, or anything else stating that I had lied about the police report, I asked your office to turn over information to support or explain where or how the State Bar of Georgia and Supreme Court developed such a misstatement to my detriment and a Rule 8.1 violation. For such reasons, I requested a copy of the communication or document that was presented to them by your office to aid them in reaching these false accusations against me, which lead to disbarment.

**25. Fabricated Evidence: Communications with Person Under Representation, Stalking and Romantic Relationship Allegations Rule 4.2, 8.1, and 8.4**

a) Defendant, William Cobb, attorney for the Bar knowingly fabricated evidence and committed fraud upon the court when he knowingly mispresented that the Jefferson engaged in a romantic relationship with her client during legal representation. Moreover, when he failed to disclose that Jefferson sought guidance from the Bar prior to representation. He failed to disclose that she was friends with the person before he became a "client" well before representation. He failed to disclose that she did not meet a "client" and then have a romantic relationship. Moreover, that the person was divorced 11-years prior to when Jefferson met him. Next, that representation occurred almost a year after the parties met each other not as a result of their meeting and there was no *romantic* relationship.

b) The bar knew Jefferson contacted their office before representation in January 2009. The Bar gave clarity to her request for ethics review. The bar knew that all parties and then presiding judge, Judge Katherine Lumsden, were furnished with a copy of the email below, which was the response from the Bar to the Jefferson's inquest regarding representation.

No party in that case moved to disqualify the Jefferson from the case. The bar knew Jefferson won custody of his son. The bar knew the "client" continued to seek legal services including an appeal from restrictions within the order. Still, the bar advanced a frivolous bar complaint against Jefferson in 2009 and again in 2015

-----Original Message-----
From: Becky Hall <BeckyH@gabar.org>

To: attysjjeff@aol.com
Sent: Fri, Jan 16, 2009 12:35 pm
Subject: Confidential - Reply from the State Bar of Georgia

Question: I would like clarity in the ethcial interpretation of Rule
1.7 as it pertains to representing family, relative, spouse or
significant other in a child custody case.

Here is the case:

The parent in question divorced 11 years ago by petitioning the court.
Joint legal custody was given to the parents, and five years after the
divorce the parent asked the other to raise the son. For the last five
years, the parent has raised the son. The parent sought to modify the
original order of custody to provide both legal and physical custody of
the child. After petitioning the court, the other parent took the child
back and has had the child for the last several months during the course
of the modification proceedings.

I do not have any relationship with the other parent and do not know of
them in any way outside of this case. I have seen the person one time
in my life and we do not otherwise share any interest.

Nevertheless, I have explained to the parent in question that due to my
relationship with them that they need to be aware of rule 1.7, and also
understand that while I do not seek or garner any gain from our
relationship and the outcome of the custody proceedings, they need to
know about Rule 1.7. An appointment of a GAL for the child is made and
the child has its own lawyer.

Having read rule 1.7, I do not see a conflict based on this case, the
proceedings or anything else and need to know if representation is
unethical and if my assistance is prohibited

Dear Ms. Jefferson,
Thank you for your e-mail.
Bar Rule 4-401 provides that attorneys in the Office of the General
Counsel can provide informal advisory opinions. The advise I give is my
own personal advice, and does not bind the State Bar of Georgia or the
Supreme Court. Please also note, that the State Bar will not maintain a
copy of this e-mail.
I am unclear which party you are considering representing. I am also
unclear if you ever represented any of the parties in the past.
However, I hope that you find the below helpful. If not, please feel
free to e-mail me.
In your second paragraph you write that you do not have any relationship

with the "other parent," and that you have only seen this person once. I will refer to this person as Person B. From your text, I assume that Person B is the parent who recently took the child back and has had the child for the last several months.

You discuss "the parent in question." I will refer to this parent as Person A. I assume that Person A is the party who raised the child for the past 5 years.

It sounds as though you are representing (or that you are considering representing) Person A.

I do not know what you mean when you write "due to your relationship with them." I assume that you mean, due to your relationship with Person A (and person A only).

In general, I believe that you should review Georgia Rules of Professional Conduct 1.6, 1.7 and 1.9. Try this link: http://www.gabar.org/handbook/part_iv_after_january_1_2001_-_georgia_rul es_of_professional_conduct/

If you never represented Person B, then there would be no conflict in representing Person A. If you represented Person B in the past, and you learned confidential information about B that would affect B's rights, you should not now represent A. If you represented B in the past, in the same or in a substantially related matter, you should not represent Person A.

In other words, you should only represent one person/side in a child custody case. To the extent that the non-party thinks that you represent the non-party, you should be clear when you tell him or her that you do not and can not represent them.

I hope the above is helpful.

Sincerely,
Rebecca A. Hall
Assistant General Counsel
404 527 8720

-----Original Message-----
From: Becky Hall
To: attysjjeff@aol.com
Sent: Fri, 16 Jan 2009 3:03 pm
Subject:
RE: Confidential - Reply from the State Bar of Georgia

Thank you for the clarification. My advice would differ somewhat if A and B were not already divorced. (See In the Matter of James W. Lewis, 262 Ga. 37 (1992). Rule 1.7 is the rule on point. The main question you should ask yourself is whether there is any thing now (or in the foreseeable future), including your own interests, that would prevent you from doing your 7 professional best on behalf of Person A. (For instance, if you become so incensed with the situation (or otherwise angry at B), that you are not able to speak to (or otherwise negotiate with) the opposing party, then you should not represent A.)
If you are a member of another state/district's bar association, you may want to contact them, as different jurisdictions differ slightly on romantic relationships with clients. I hope you find this helpful.

26. The bar knew or had reason to know that there was no violation of the rules. The complaint was used for public shaming, intimidation, harassment and to harm her reputation in the business and legal community. That the movant had a romantic relationship with a client, was fabricated to attain judgement by virtue of default and contradicted by the record in the case[10].

27. Moreover, the grievant states in his own statement filed with the Bar that he last saw Jefferson six years prior to 2014 and that he did not have any relationship including after the representation.

28. Bar knew that three different agencies investigated the allegations against Jefferson including the City of Atlanta Police Department Zone 3. That Report 15038186500 revealed no evidence to support any allegations of stalking, harassing communications or any visits to the school as alleged by the grievant.

29. William Cobb coached the grievant to advance a private citizen warrant in 2015 after she successfully rebutted their complaint. That Jefferson was denied due process and never attended any private citizen hearing because the grievants knowingly provided the wrong

---

1. The State Bar of Georgia Disciplinary Docket R. 75-100, 114-162 and 1271-1365

address to the Court on their application. In 2015, the Bar knew that nothing became of

their false accusations and Jefferson was not subject to any criminal or civil prosecution

or finding of fact. Still, the Bar fabricated evidence and continued to engage in gross

misrepresentation regarding facts to implicate Rule 4.2, 8.1 and 8.4.

30. This is an act of fraud upon the court.

31. **Discovery Fabricated Evidence and Allegations**

    a) After the Bar fabricated evidence about failure to comply with discovery. A

       motion for sanction was filed. In violation of the Rule 4-213 (evidentiary hearing)

       the sanction hearing was held on September 18, 2017 nine months after the

       complaint was answered by Jefferson and more than 6 months after she was

       entitled to an evidentiary hearing. The sanction hearing never discussed the merits

       of the case only discovery issues. [See Transcript of September 18, 2017

       **Exhibit**[11] **2**]. Jefferson did appear at the sanction hearing and under oath she

       testified. She also provided a written response to the motion for sanctions. Plus,

       she filed written objections and she made objections on the record regarding

       denial of due process because of the conflicted special master and denial of an

       evidentiary hearing. Plus, she immediately addressed the impartiality and

       mistreatment of the special master during the September hearing in writing, which

       included his use of blue uniform police officers to be threaten and intimidating.

       Moreover, he forced her to sit in the section of the Court with probation violators

---

[11] Also See. State Bar of Georgia Disciplinary Docket Record and R. 1009-1030 and 1031-1057

waiting review of their violations[12]. The Bar knew Jefferson answered all discovery.

b) In fact, in a responsive pleading to Jefferson's Motion to Dismiss the Complaint and Petition for Reappointment of the Patrick Longan, Special Master due to conflict, in Feb 2017, William Cobb, wrote Ms. Bridget Bagley (Special Counselor for the Bar's Board of Review) and said that **"the conflicts although apparent will not deny due process because he will file a request for discovery, then will allege that the respondent failed to comply with discovery, then will seek a sanction and because he will win by virtue of default the Supreme Court will deny review[13]."** Six months later, in August 2017 Cobb filed a Motion for Sanctions[14]. [R. 409-411, and 607-679].

32. **Fabricated Evidence About Review Board Panel and Disciplinary Process. Also See Exhibit 1 – December 27, 2018 filing**

a) Finally, throughout the proceedings, Jefferson suffered denial of due process as well as fabrication of evidence to include the Bar and special master knowingly denied *geographic, gender, racial and generational diversity* in the disciplinary process.

---

[12] Also See. State Bar of Georgia Disciplinary Docket Record: R. 177-211, 270-305, 260-269, 791-801, 827-841 and 774-790.

[13] State Bar of Georgia Disciplinary Board Record R. 320-321, 322-326; and 327-329

[14] State Bar of Georgia Disciplinary Board Record R. 409-411, and 607-679.

b) Compelling, Jefferson has been a metro-Atlanta resident for more than 25 years at the time of proceedings, but the special master was from Middle Georgia despite request for Reappointment like several other attorneys. Bar denied Jefferson notice of investigation as well as notice of probable cause, too.

c) Plus, both the special master, Mr. Patrick Longan and the Chairman of the Review Board, Mr. Askew fabricated evidence in this case. As to Mr. Askew, he said that he offered to have the review panel consider the special master report pursuant to Rule 4-219, but the movant declined. The evidence proves that Mr. Askew office scheduled and then canceled the hearing and alleged it would reschedule it. At no time did the movant decline a review by the panel. However, his office filed the report with this Court with affording the movant a Review. Askew's paralegal was terminated or abruptly left the company, but Mr. Askew never corrected the falsification and fabrication of evidence. Violation of Rule 4-217

d) Compelling, the special master put in his report that the Jefferson referred to participants in the process as "child rapist." Jefferson, the founder of the African American Juvenile Justice Project is an anti-human trafficking advocate. The use of the term within the ambit of the special master reports speaks to his bias against Jefferson and her advocacy. Her advocacy and concerns about their abusive practices had no place in his final report. He knowingly and intentionally scheduled his sanction hearing on the same date Jefferson gave notice of attendance before Congress to support CD230 anti-human trafficking legislation – September 18, 2017. The same date that he scheduled the sanction hearing over objection and without timely notice (scheduled less than 5 days). Mercer

University opposed CD230 and also has a competing interest in a sex trafficking program started by a professor to oppose AAJJP position and compete against her program. Jefferson also successfully sued Mercer University for discriminatory practices during her matriculation and for such reasons also moved to reappoint Longan as the special master in this case.

e) Aside from the fabricated evidence and fraud upon the court, the acts of the State Bar of Georgia contravene Supreme Court of the United States precedent, and violates the fundamental, civil and structural constitutional rights of the movant. See. Spevack v. Klein, 385 U.S. 511 (1967). In re Ruffalo, 390 U.S. 544 (1968) and in the matter North Carolina Board of Dental Examiners v FTC, 135 S. Ct. 1101 (2015), to name a few.

33. The State Bar of Georgia et al use of active market-participants like William Cobb ( an attorney and agent for the Bar) and Patrick Longan ( an attorney and Mercer University professor) engaged in a fundamental miscarriage of justice and under the exception, this court cannot have confidence in the outcome of the act of the State Bar of Georgia in the instant matter, unless the court is also satisfied that the acts against Jefferson are free of nonharmless constitutional error. 513 U. S., at 316. Pp. 16–17. Citing, Greg McQuiggin, Warden, Petitioner v. Floyd Perkin, 185 L.Ed.2d 1019, 133 S.Ct. 1924, 569 U.S. 383.

## V.

### CLAIMS FOR RELIEF

### First Claim: 42 U.S.C. § 1983

34. Sherri Jefferson incorporates the allegations as set forth above.

35. This claim is brought against all Defendants including the State Bar of Georgia, et al, William Cobb and Patrick Longan.

36. By the actions and statements described above, Defendants State Bar of Georgia et al, including their officers and board members, William Cobb and Patrick Longan have:

a) Denied Jefferson Equal Protection in disciplinary matters or otherwise made unavailable to her the same protections available to white lawyers because of her race, in violation of 42 U.S.C. § 1983

b) Discrimination in the terms, conditions, or privileges of licensing and practicing law and disciplinary proceedings to maintain license to practice law or enjoy the fullness of such right and/or privilege is infringed, on the basis of race, in violation of 42 U.S.C. § 1983.

c) Actions in disciplinary proceedings and investigations into allegations of misconduct indicates a preference, a limitation, or discrimination based on race, in violation of 42 U.S.C. § 1983.

d) Outcome of disciplinary proceedings, to include investigation, prosecution, and final dispositions including specific statements by William Cobb regarding the outcome of the proceedings represented because of race that Jefferson would be denied equal protection because of her race, in violation of 42 U.S.C. § 1985 and 42 U.S.C. § 1983.

37. Jefferson has severely suffered damages as a result of Defendants: State Bar of Georgia et al, William Cobb and Patrick Longan's discriminatory and disparate treatment and is an aggrieved person under 42 U.S.C. § 1983.

38. All Defendants actions and statements, as set forth above, were intentional, willful, wanton, malicious, purposeful, and taken in reckless disregard of the rights of others, especially Jefferson.

39. A denial to a group of persons of rights granted by the Constitution, which raises an issue of general public importance, in violation of 42 U.S.C. § 1985 and 42 U.S.C. § 1983

### Second Claim: 42 U.S.C. § 1985

40. Sherri Jefferson incorporates all allegations as set forth above.

41. This claim is brought against all Defendants.

42. Defendants' action, conduct, and statements, as described above, constitute:

    a) A pattern and practice of a conspiracy to obstruct justice and deprive Jefferson [and other Black lawyers] of their right to full enjoyment of rights granted by one holding a license to practice law, in violation of 42 U.S.C. § 1985.

    b) A pattern and practice of a conspiracy to obstruct justice and deprive Jefferson of recovery under her constitutional challenge to Georgia's private citizen warrant application, and to use threats, harassment, fabricate evidence and other methods to silence her advocacy and deny her relief sought in that federal case, in violation of 42 U.S.C. § 1985.

    c) A pattern and practice of a conspiracy to deprive Jefferson of rights and privileges accorded to every white lawyer in the State of Georgia, in violation of 42 U.S.C. § 1985.

    d) A pattern and practice of a conspiracy to deprive Jefferson of her license to practice law to obstruct justice and grossly interfere with her African American

Juvenile Justice Project agenda regarding advocacy for Black children, including missing and sexually exploited, in violation of 42 U.S.C. § 1985.

e) A denial to a group of persons of rights granted by the Constitution, which raises an issue of general public importance, in violation of 42 U.S.C. § 1985.

f) By order of discipline, all Defendants sought to silence Jefferson's advocacy on matters of public concern as well as to intimidate her to withdraw her action challenging the constitutionality of Georgia's private citizen arrest process, in violation 42 U.S.C. § 1985.

g) By order of discipline, all Defendants sought to silence Jefferson's advocacy on matters of public concern as well as to intimidate her to withdraw her action human trafficking and juvenile justice reform, in violation 42 U.S.C. § 1985.

43. In addition to Jefferson, other persons or entitles are and/or may have been injured by Defendants' discriminatory action and disparate treatment as described above as well as fraud upon the Court. These persons or entitles are also aggrieved persons entitled to relief under 42 U.S.C. § 1985.

44. Defendants' actions, as set forth above, were intentional, willful, wanton, malicious, purposeful, and taken in reckless disregard of the rights of others, especially Jefferson.

**Third Claim: Fraud Upon the Court[15]**

45. Sherri Jefferson incorporates all allegations as set forth above.

46. This claim is brought against all Defendants.

---

47. Defendants' action, conduct, and statements, as described above, constitute *fraud upon the court*[16]:

  a)  A pattern and practice of a conspiracy to obstruct justice and deprive Jefferson [and other Black lawyers] of their right to full enjoyment of rights granted by one holding a license to practice law, in violation of the holding in Elliot v. Piersol, 1 Pet. 328, 340. 26 U.S. 328, 340 (1828); Bulloch v. U.S., 763 F.2d 1115, 1121, 10th Cir. (1985); Fed. 42 U.S.C. § 1985.

48. In addition to Jefferson, other persons or entitles are and/or may have been injured by Defendants' discriminatory action and disparate treatment as described above as well as fraud upon the Court. These persons or entitles are also aggrieved persons entitled to relief under 42 U.S.C. § 1985.

49. Defendants' actions, as set forth above, were intentional, willful, wanton, malicious, purposeful, and taken in reckless disregard of the rights of others, especially Jefferson.

**Fourth Claim: Violation of Title VII of the Civil Rights Act of 1964, as amended, 4 U.S.C. sec. 2000e, et seq., the Civil Rights Act of 1866, 42 U.S.C. sec. 1981, Executive Order 11246, as amended**

50. Sherri Jefferson incorporates all allegations as set forth above.

51. This claim is brought against all Defendants.

---

[16] See Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014). Rule 60(d)(3) permits courts to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). See also. Maloof v. Level Propane, Inc., 429 F. App'x 462, 467 (6th Cir. 2011) (fraud-on-the-court finding under Rule 60(d)(3)); Mitchell v. Rees, 651 F.3d 593, 595 (6th Cir. 2011) (independent action under Rule 60(d)(1)); Barrett v. Sec'y of Health & Human Servs., 840 F.2d 1259, 1263 (6th Cir. 1987) (independent action under Rule's prior savings clause in section (b)).

**52.** Defendants' action, conduct, and statements, as described above, constitute"

b) A pattern and practice to discipline and disbar Black attorneys thereby preventing them from having access to gainful employment.

c) A pattern and practice of abusing its regulatory powers as an agency of licensing, the State Bar uses its powers like an employer or an employment agency whose license is required for employment purposes and employability. The discriminatory and disparate treatment of Black lawyers leads to unemployment and inability to sustain a livelihood.

**53.** A pattern and practice of publicly disseminating orders of disciplined Black lawyers to the press, blogs, and digital online platforms to grossly interfere with employment opportunities of Black lawyers in addition to Jefferson, other persons or entitles are and/or may have been injured by Defendants' discriminatory action and disparate treatment as described above as well as fraud upon the Court. These persons or entitles are also aggrieved persons entitled to relief Violation of Title VII of the Civil Rights Act of 1964, as amended, 4 U.S.C. sec. 2000e, et seq., the Civil Rights Act of 1866, 42 U.S.C. sec. 1981, Executive Order 11246, as amended.

**54.** Defendants' actions, as set forth above, were intentional, willful, wanton, malicious, purposeful, and taken in reckless disregard of the rights of others, especially Jefferson.

**Fifth Claim: Violation of the Landrum-Griffin Act**

55.   Sherri Jefferson incorporates all allegations as set forth above.

56.   This claim is brought against the State Bar of Georgia.

57.   Defendants' action, conduct, and statements, as described above, constitute"

a)    A pattern and practice to violate the Landrum-Griffin Act and ultimately, blackball all members of their mandatory bar association whose opinions or views are contrary to the Board. By use of frivolous disciplinary practices, such members like Jefferson are removed from the "roster" or "roll."

58.    Defendants' actions, as set forth above, were intentional, willful, wanton, malicious, purposeful, and tale in reckless disregard of the rights of others, especially Jefferson.

**WHEREFORE, Sherri Jefferson prays that this Court enter an order that:**

1.    Declares that Defendants' action, policies and practices, as alleged herein, violates the Equal Protection Clause of the 14th Amendment, the Due Process Clause under the Fifth and Fourteenth Amendments of the U.S. Constitution and Georgia; 42 U.S.C. § 1985; 42 U.S.C. § 1983; and Title VII of the Civil Rights Act of 1964, as amended, 4 U.S.C. sec. 2000e, et seq., the Civil Rights Act of 1866, 42 U.S.C. sec. 1981, Executive Order 11246, as amended; and, the Landrum-Griffin Act.  The Act of *Fraud Upon the Court* is also violative of federal and state laws.

2.    Declaring that challenged practices and policies of disciplining and governing lawyers in Georgia were adopted and are being enforced with the purpose of denying or abrading the right to equal protection and due process on account of race, color or membership in a minority group or based upon social-economic status based upon school of attendance in violation of the Equal Protection Clause of the 14th Amendment, the Due Process Clause under the Fifth and Fourteenth Amendments of the U.S. Constitution and Georgia; 42 U.S.C. § 1985; 42 U.S.C. § 1983.

3.    Enjoins Defendants, their agents, employees and successors, and all other persons in active concert or participation with them, from:

a) Discriminating or engaging in practices leading to disparate treatment on the basis of race in any aspect of admission, licensing, governance of the practice of law or disciplinary proceedings and actions;

b) Failing or refusing to take such steps as may be necessary to restore, as nearly as practicable the victims of Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct and disparate treatment, including the fraud upon the court;

c) Failing or refusing to take such steps as may be necessary to prevent the recurrence of any discriminatory conduct, disparate treatment and fraud upon the court in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful licensing and governance of licensing practices, including admission, and enforcement of Professional Code of Conduct.

d) Injunctive relief denying licenses and/or disbarring attorneys without according due process and equal protection.

e) Failing or refusing to take such steps to cease arbitrary denial of equal protection and due process on the basis of race, which leads to instances of denying issuances, granting, renewal, reinstatement of licenses and/or disciplinary proceedings subject to disbarment of licenses based upon racial discrimination and disparate treatment.

f) Failing or refusing to take such steps to prevent deliberate and arbitrary, discrimination or inequality in the exercise of regulator power.

4.    Authorizing the appointment of Federal observers via a Memorandum of Agreement to monitor the practices and policies of the State Bar of Georgia from admission to governance to discipline of attorneys.

5.      Retaining such jurisdiction until the State Bar of Georgia has established full compliance.

6.      Awards monetary damages to petitioner and all persons harmed by Defendants' discretionary practices and intended and intentional disparate treatment of Black lawyers, under 42 U.S.C. § 1985; 42 U.S.C. § 1983; and Title VII of the Civil Rights Act of 1964, as amended, 4 U.S.C. sec. 2000e, et seq., the Civil Rights Act of 1866, 42 U.S.C. sec. 1981, Executive Order 11246, as amended; and, the Landrum-Griffin Act.

a.      Plus, petitioner seeks monetary damages for harm caused by the Defendants actions under *Fraud Upon the Court for $2,000,000.00 plus punitive damages*.

7.      Address a civil penalty against each Defendant to vindicate the petitioner and public interest in an amount authorized by law.

8.      Plaintiff contends that the legal framework under 23, F.R.Cv.P is satisfied in this cause of action regarding the discrimination and intended disparate treatment of Black lawyers.  Hence, certify this action as a "Class Action" and appoint counsel to represent the Class.

9.      Orders and awards such additional relief as the interest of justice may require.

## VI.

### CERTIFY CLASS UNDER 23, F.R.Cv.P

Plaintiff contends that the legal framework under 23, F.R.Cv.P is satisfied in this cause of action regarding the discrimination and intended disparate treatment of Black lawyers. The number of Black lawyers impacted by these discriminatory practices of the State Bar of Georgia is numerous; the questions of law or fact are common to the Class; the Claims or defenses of the representatives parties are typical of the claims or defenses of the Class; and if certified, the Class will be fairly and properly represented.   This Court can appoint counsel for the Class.

### JURY DEMAND

Sherri Jefferson demands in accordance with the Seventh Amendment, a trial by jury of all issues so triable in accordance also with Rule 38 of the Federal Rules of Civil Procedure.

**Dated: May 10, 2022**

Respectfully submitted,
s/ Sherri Jefferson
SHERRI JEFFERSON
Plaintiff/Petitioner
249 Derby Drive
Riverdale, Georgia 30274
Tel: 770-374-9591
Email: attysjjeff@aol.com

# VERIFICATION AND AFFIRMATION

I, Sherri Jefferson, under the penalty of perjury hereby state that the information contained herein is true and correct to the best of my knowledge.

This 10th day of May 2022

/s Sherri Jefferson

SHERRI JEFFERSON

# EXHIBIT 1

IN THE SUPREME COURT OF THE STATE OF GEORGIA

State Bar of Georgia Disciplinary Board

IN RE: Matter of Sherri Jefferson                Supreme Court Case No: S19Y0527

                                                 State Board No.: 6888 and 6889

**RESPONDENT'S AFFIRMATION AND EVIDENCE IN SUPPORT DISPARITY, DISCRIMINATION, CONFLICT OF INTEREST, AND FAILURE OF DISCIPLINARY BOARD MEMBERS TO ADHERE TO THEIR OFFICIAL DUTIES IN VIOLATION OF HER CIVIL AND CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE US CONSTITUTION AND GEORGIA**

**Comes now, the Respondent Sherri Jefferson, and hereby files her AFFIRMATION AND EVIDENCE IN SUPPORT DISPARITY, DISCRIMINATION, CONFLICT OF INTEREST, AND FAILURE OF DISCIPLINARY BOARD MEMBERS TO ADHERE TO THEIR OFFICIAL DUTIES IN VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE US CONSTITUTION AND GEORGIA in the above-styled case, and files as follows:**

**I, Sherri Jefferson, hereby affirm and declare under the penalty of perjury, that
I am over 18 years of age.
I am of sound mind.
I am a practicing attorney.
The exhibits herein are the exact exhibits and remain in their natural state.**

**That, the information herein is true and correct to the best of my knowledge.**

**PAGE REFERNCE**

**Affirmation: pgs. 1, 32
Bad Faith: pgs. 2-14
Certificate of Service: pgs. 30-32
Conflict of Interest: pgs. 14- 21
Disparity/Discrimination: pgs 21 - 29**

**MATERIAL IN SUPPORT OF BAD FAITH, DISPARITY, AND CONFLICT OF INTEREST**

**The State Bar of Georgia, Office of General Counsel acting as an arm of the Supreme Court of Georgia and acting with quasi-judicial authority has engaged in clear and convincing acts of racial discrimination and disparity. They also engaged in violations of their oath of duties as prosecutors, investigative panelist, special master and review board**

1

members, chair and counsel by knowingly, intentionally and maliciously engaging in acts of bad faith. These acts violate the respondent's Fifth and Fourteenth Amendment rights under the Due Process and Equal Protection Clause of the U.S. Constitution and Georgia. These offenses are actionable under the Eleventh Amendment.

Although, clear and convincing evidence is a higher level of burden of persuasion, the Bar and their boards stop short of seeking any proof of wrongdoing and relied solely if at all, upon probable cause as the highest burden of persuasion to subject attorneys/respondent to discipline. Reliance upon judgement by virtue of default to violate property interest [license to practice] is a violation of public policy and the basic tenets of constitutionally protected due process.

Therefore, this filing consist of evidence of
1. Acts of Bad Faith
2. Conflict of Interest of the Office of General Counsel, Investigative Panel, Special Master and Review Board
3. Disparity and Discrimination As-Applied and On-Its-Face

### ACTS OF BAD FAITH

Since admission to the practice of law in the State of Georgia, the respondent has been met with and a victim of bad faith acts committed by members of the State Bar of Georgia and their Office of General Counsel, to include but not limited to,

**Robert McCormick: 2000 - 2002**

1. Jefferson relocated to Georgia in May 2000. She purchased a property, which she had built. She experienced significant problems with the construction of the property and the city manager regarding the land and construction.
   a. A college professor, Jefferson used her educational designator in all her communications and stationary.
      i. Jefferson directed a letter to the city following their failed promise to repair the land and their approval of the permit for the property aware of building code violations. In retaliation, the city contacted Robert McCormick and the District Attorney Office of Clayton County to seek respondent's arrest for the unauthorized practice of law. Robert McCormick aware that the respondent held a law degree and served as a college professor, knew and had reason to know that her letter addressing her own property was not legal representation and did not fall within the purview of the unauthorized practice of law. Nevertheless, in concert with Mr. Day, the city manager, he engaged in threatening and harassing communications to subject the respondent to arrest.

2

    b.  Bombarded with abuse of process, the respondent contacted the United States Department of Justice as well as Housing Urban Development to address both critical issues.

        i.  Thereafter, she received a threatening communication from Carl Hodges law office and alleged that he represented the builder in the matter and another communication from the city attorney.

        ii.  At the demand of then, DA Bob Keller; Assistant District Attorney Stitcher contacted the respondent in the late evening and demanded that she appear at his office, that evening or face arrest. He demanded that she appear with a copy of her law degree and transcripts.

          1.  The respondent appeared. Upon arrival no one else was in the office and she was initially taken to a back room. Mr. Stitcher demanded to see the degree and transcripts. He left the room with copies in hand. Later, he returned to question the respondent and did alleged that the bar wanted proof of the law degree. He advised that the city had logged a complaint and the bar had directed his office to act on the complaint.

        iii.  At all times, the bar knew and had reason to know that respondent possessed a law degree and had graduated from a local law school because she had completed her application for fitness to practice law.

    c.  The bar acting in concert with local judges and officials, demanded to silence the respondent's advocacy regarding the construction of her home.

2. The DA office released the respondent with a letter to be submitted to the city and the Bar acknowledging proof of both a law degree and transcripts proving a JD designation.

3. The respondent had also sent these weeks earlier via certified mail to the Bar before reaching out the the USDOJ regarding their continued abuse.

**State Bar of Georgia, Mr. Cliff Brashier – 2003**

1.      In 2000, Respondent filed a claim under the home warranty program. An agreement of the program is arbitration. Arbitration is not binding and can be contested. Respondent won the claim and the homebuilder was directed to complete the work. Months later, the attorney, Hodges and King, moved the court to bind the award even though their client refused to perform the work.

2.      By 2003, respondent was serving as president of the homeowners association and participated in a HUD investigation regarding shoddy homebuilding as well as predatory lending against members of the community. She had also participated in a DOJ election fraud investigation within the city.

       She was met with distain by local judges, lawyers and the builders. This prompted several judges (William Ison and others) along with Hodges law firm to initiate abuse of process. The respondent faced criminal contempt for failure to accept the arbitration award or remit legal fees to the builders lawyers. This was fabricated as she won the award, but unless the work is performed it is not binding or forced to be binding. The law frim did not have legitimate fees. They advanced a frivolous claim with the State Bar and sent it directly to Clifford Bradshier. His

office contacted the respondent regarding her ability to practice law. After she presented his office with the arbitration agreement, the home warranty and the damages unresolved by the award, she never heard from him again.

By now, the USDOJ had reached out to the respondent along with counsel for HUD. Thereafter, the lawyers for the builders sent the respondent a letter with a settlement offer, which read that if she would agree to dismiss her claim before the USDOJ and HUD and waive her rights to assert violations of her civil or constitutional rights, and agree to absolve the State Bar of Georgia, Clayton County Office of District Attorney, Judge William Ison, and a list of city and county officials, then they would agree to dismiss their claim for criminal contempt with incarceration and payment of the alleged legal fees.

**The respondent refused because they had violated her rights and did not have any claims against her and had engaged in abuse of process.**

### Paula Fredricks - 2004

1. June 2004, the respondent attended the State Bar of Georgia Annual Meeting in Orlando, Florida. She traveled with her sister and niece to enjoy the Disney parks and maintained a separate property than the host hotel for the meeting.
    a. During the conference, she attended several events. On the very first evening, the Bar hosted a meet and greet for family and colleagues. Respondent attended the event with her sister and niece.
    b. Accompanied by Jonathan Hewett, Ms. Fredericks came over to introduce herself to the respondent who was observing her niece enjoy the events.
    c. The following day, Ms. Fredericks hosted a CLE. During the break, respondent went to the ladies room. When she left her stall, Ms. Fredericks was waiting by the wall and the corner section of the sank. She invited the respondent to attend an event in the hotel room of a female guest. The respondent asked about the nature of the event and Ms. Fredericks alleged that a few of them wanted to host an all-girls event in the hotel room that evening.
    d. Respondent explained that she would not be in attendance. Further, she explained that she had traveled with her family and was away from the hotel property. Ms. Fredericks said you need to be there and walked away.
2. Well, the respondent did not attend, Moreover, she enjoyed an evening with her niece at the Disney parks and property.
3. The next morning, while the respondent was in the ladies room washing her hands at the sank, Ms. Fredericks entered the restroom and stood by the sank and admonished her for not attending. She left the ladies room.
4. Over the next business day, she never spoke to the respondent again – did not respond to being greeted at the CLE and did not respond to the greeting at the evening event.
5. Upon return to Atlanta, the respondent was met with a bar compliant, which included allegations about her application for fitness to practice law. The application was filed more than 18 months earlier. The complaint alleged that respondent failed to cite the arbitration as a court proceeding. However, the arbitration was part of a home warranty program and not a civil court proceeding.

6. Over the next two years, Ms. Fredericks and Ms. Kellyn McGee would harass the respondent regarding the bar complaint and appeared in East Georgia to exchange discovery, when they engaged in recording the respondent without her authorization, knowledge or permission. When she addressed the matter, she was threatened with disbarment for false swearing on her fitness application. She never engaged in false swearing and reported every case involved on her application. Arbitration is not and was not a separate civil action. It was a remedy to homeowners under their warranty plan.
7. The special master [Davis] appointed by this court would also post negative comments about the respondent on websites and enter blog comments regarding his role as special master. This issue was presented to the Office of General Counsel and the court.

**From 2007 through 2014**

1. The State Bar of Georgia Office of General Counsel, staff and agents of the bar engaged in a political smear campaign against the respondent and her African American Juvenile Justice Project.
    a. The Bar abused the respondent's civil and constitutional rights because of a differing in opinion and strategy to promote legislation for juvenile justice and reform.
    b. The Bar, in concert with Voices of Georgia Children, Emory Barton Clinic, Just GA, Georgia Appleseed and Sharon Hill, the State Bar of Georgia Young Lawyers Division and a host of others disseminated emails and mass communications, engaged in radio shows and made direct contact with legislators to ban the respondent and her project from promoting a different legislative agenda.
    c. **Paula Fredericks** is on the board of Georgia Appleseed, **Bryan Cavan** is the registered lobbyist for the State Bar legislative agenda and **Anthony Askew** provides pro bono work for Voices of Georgia Children as well as serves as special assistant attorney for the State Department of Law.

**Bar Advances two frivolous bar complaints during same period.**

2. The abusive acts and smear campaign against the respondent were litigated in both Hall and Fulton County Superior courts.
3. While those matters were pending, the bar knowingly advanced a frivolous bar complaint against the respondent on behalf of two Middle Georgia judges [William Self of Bibb County via his lawyer Mr. Lumley and Katherine Lumsden, Mercer University law grad and Houston County judge].
4. The bar knowingly advanced both complaints without probable cause and contradictory to specific ethics questions presented to their office a year earlier regarding representation of Norwood [same party to this new complaint].
5. Both complaints were advanced to silence the respondent's advocacy involving unethical and illegal practices in middle Georgia regarding the distribution of the Pigford Funds, money allotted for families of discrimination and people seeking application who were ineligible. In addition, the complaints were designed to silence the respondent from

addressing abuse of process regarding taking of generational property belonging to local families for development.

    a.  Both complaints were dismissed in 2014.  Within six months, the Bar advanced this frivolous grievance against the respondent in March 2015 after directing the grievant to advance a private citizen warrant against the respondent. In 2017 the Bar filed a petition for the appointment of a special master in the supreme court within three months of the 2014 case removal from the docket.

6. Larry Smith was assigned as the investigative panelist.  He never spoke with the respondent or responded to her communications.  In fact, he lied and alleged that she failed to respond to her Notice of Investigation even though she served it via certified mail with return receipt and via US mail and email.  He threatened to suspend her license to practice law. He alleged probable cause on multiple frivolous grounds unsupported by the record.

7. The bar knowingly kept the case pending during the pendency of the Hall and Fulton cases and dismissed it after those cases closed.  Destroying five years of the respondents personal and professional life and career on a frivolous complaint. The Bar offered to settle the Fulton matter in exchange for dismissal of the bar complaint and monetary damages if the respondent dismissed her Fulton case. Respondent denied offer because she was entitled to relief from their ongoing abuses under both the Hall and Fulton case, her rights were not for sale and she never violated any professional rule of conduct.


**William Self of Bibb County Complaint dismissed in 2014**

**Katherine Lumsden of Houston County – Compliant Dismiss October 2014**

    The bar knew that the respondent contacted their office before representing Norwood in 2009.  The bar gave clarity to her request for ethics review.  The bar knew that all parties and Judge Lumsden were furnished  with a copy of the email below, which was the response from the Bar.  No party in that case moved to disqualify the respondent from the case.  The bar knew that the respondent won custody of his son.  The bar knew that he continued to seek legal services.  Still, the bar advanced a frivolous bar complaint for a period of five years before dismissing the action.

-----Original Message-----
From: Becky Hall <BeckyH@gabar.org>
To: attysjjeff@aol.com
Sent: Fri, 16 Jan 2009 3:03 pm
Subject: RE: Confidential - Reply from the State Bar of Georgia

Thank you for the clarification.
My advice would differ somewhat if A and B were not already divorced.  (See In the Matter of James W. Lewis, 262 Ga. 37 (1992).
Rule 1.7 is the rule on point.
The main question you should ask yourself is whether there is any thing now (or in the foreseeable future), including your own interests, that would prevent you from doing your

professional best on behalf of Person A. (For instance, if you become so incensed with the situation (or otherwise angry at B), that you are not able to speak to (or otherwise negotiate with) the opposing party, then you should not represent A.)
If you are a member of another state/district's bar association, you may want to contact them, as different jurisdictions differ slightly on romantic relationships with clients.
I hope you find this helpful.

**The bar knew or had reason to know that there was no violation of the rules. The complaint was used for public shaming, intimidation, harassment and to harm her reputation in the business and legal community.**

**A.M. Christina "Tina" Petrig – 2010**

Prior to the filing of the August 2009 grievance filed by Katherine Lumsden, the respondent required renewal of her neutral application before the Georgia Office of Dispute Resolution. During her renewal, the board denied her application citing a bar complaint. The bar had never informed the respondent that a formal complaint had been filed. In fact, no formal compliant had been filed at the time that the DOR denied her application. A.M. Christina Petrig was the grievant counselor assigned to review the grievance. She **also served as a registered lobbyist for the DOR and maintained a license to serve as a lobbyist.** Again, as an actual and proximate cause of the acts of the bar, the respondent was denied a business opportunity and to serve as a neutral.

> -----Original Message-----
> From: attysjjeff <attysjjeff@aol.com>
> To: TinaP <TinaP@gabar.org>; attysjjeff <attysjjeff@aol.com>; carmenr <carmenr@gabar.org>
> Cc: PaulaF <PaulaF@gabar.org>
> Sent: Tue, Feb 9, 2010 2:00 pm
> Subject: Re: From Sherri Jefferson
>
>
> I do not believe you. Everything points to you. You are a neutral, you worked that grievance, you had knowledge that I was pursuing the Neutral status because I asked you and your office as well as Carmen, who I know would never do such a thing, to convey what I needed to do for application given the pending case. I was only required to report discipline and I answered every question both open and honest despite the nonsense of the 2004 failure to convey that a private arbitration was considered a "lawsuit" when it was between two persons and not the court and a decision to assess a fee against a client when the State Bar does not have a fee structure for its lawyers. nevertheless, private, I still provided this information as I always do.
>
> So how is someone out of the blue going to call their office and convey that I have a pending case. No one knew that I was applying, NO ONE (emphasis added) except your office. In addition, she clearly suggested that it was inside the Bar and someone who is also a neutral and deals with their office. Shame on you! May God deal with you accordingly. My application is held and has to be presented before the ethics committee. How do you justify that it was not

you?  Who else, Ms Petrig.  Who else?  You are also the only one who had an ax to grind possibly because I address what I believe is your bias in review of the grievance and my sincere belief that you did not review one of the 195 pages to refute the lies raised by Katherine Lumsden.  If not you then who called Ms. King?  Who knew about the grievance?  Who also knew that I made application?

Sherri Jefferson
Have a Blessed Day!
To Know the Will of God is the Greatest Knowledge, To Find the Will of God is the Greatest Discovery, To Do the Will of God is the Greatest Achievement. --- Chart Your Course -- Believe that you will succeed. The only other alternative is failure -- God Did Not Plan for You to Fail

-----Original Message-----
From: Tina Petrig <TinaP@gabar.org>
To: attysjjeff@aol.com
Cc: Paula Frederick <PaulaF@gabar.org>
Sent: Tue, Feb 9, 2010 10:33 am
Subject: RE: From Sherri Jefferson

Ms. Jefferson:

Your assumption is incorrect. I have not confirmed or denied or disclosed to anyone that a grievance against you is pending, nor otherwise violated the confidentiality provisions. If GODR received such information, it was not from this office.

Christina Petrig / Assistant General Counsel
Office of General Counsel / State Bar of Georgia
104 Marietta Street, NW / Suite 100
Atlanta, GA 30303
404.527.8720 / 404.527.8744 fax

From: attysjjeff@aol.com [mailto:attysjjeff@aol.com]
Sent: Monday, February 08, 2010 7:07 PM
To: attysjjeff@aol.com; Paula Frederick; paula@gabar.org; Cliff Brashier; Carmen Rojas Rafter; Tina Petrig
Subject: Re: From Sherri Jefferson

Ms. Petrig:

It was not hard to figure out who the person is based on Ms. King's conversation, with that said, the hints give clear indication that you are person, Ms. Petrig, a registered neutral, with connections to the GODR office and someone with inside info from the State Bar.  I have documented everything accordingly and I will be pursuing this matter accordingly.  You have violated the standards governed by the Supreme Court for the State Bar and further have attempted to interfere with my trade, business and profession. Why?  Why would you do that me?  You have no business being in the capacity that you are employed if you refuse to follow  protocol:

8

" All grievances, investigations of grievances and private discipline are confidential. As such, the State Bar of Georgia is not able to confirm or deny that a grievance has been filed against an attorney, that an attorney is being investigated for an alleged violation of the Georgia Rules of Professional Conduct, or that an attorney has received private discipline."

Furthermore, if you refuse to be a neutral reviewer of policy and procedures when handling grievances. It is clear that you have no place serving in the capacity that you are in and I am going to challenge this abuse of discretion to the highest extent of the law possible. What did you have to gain by doing this to me? What?

Sherri Jefferson
Have a Blessed Day!
To Know the Will of God is the Greatest Knowledge, To Find the Will of God is the Greatest Discovery, To Do the Will of God is the Greatest Achievement. --- Chart Your Course -- Believe that you will succeed. The only other alternative is failure -- God Did Not Plan for You to Fail

Confidentiality Notice: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. This message does not necessarily constitute legal advice by the sender and serves as a disclaimer only.


-----Original Message-----
From: attysjjeff@aol.com
To: paulaf@gabar.org; paula@gabar.org; attysjjeff@aol.com
Sent: Mon, Feb 8, 2010 4:44 pm
Subject: From Sherri Jefferson
I would like to verify information that was just conveyed to me, I had applied for registration as a court neutral and was told that my application was pending due to a "pending" bar complaint. First, I provided them with a full response to their question about discipline via their ethics committee to all information about the 2004 incidents as well as the discipline even though it is private. I was told that the State Bar could not deny or affirm discipline because matters other than public are "confidential." This is also alleged on the State Bar website and the bar's response to discovery in a legal proceeding involving the Bar. So I would like to know why a pending State Bar complaint would be disclosed when no disciplinary action has occurred as of today and to my knowledge the case is still subject to review by the investigative panel?

Sherri Jefferson

9

Have a Blessed Day!
To Know the Will of God is the Greatest Knowledge, To Find the Will of God is the Greatest Discovery, To Do the Will of God is the Greatest Achievement. --- Chart Your Course -- Believe that you will succeed. The only other alternative is failure -- God Did Not Plan for You to Fail

## Wolanda Shelton and Advancement of Bar Complaint – 2015

The bar engaged in or caused a private citizen warrant to be executed against the respondent. Recognizing that the bar lacked evidence to prosecute the grievance against the respondent based upon her timely filed responses, the bar directed or caused to be directed, the grievant to seek a private citizen warrant effective April 2015. The bar would use that process to engage in another witch-hunt of the respondent.

Forum shopping of a Special Master by forcing the respondent to change her mailing address before service of the initial bar grievances.

> -----Original Message-----
> From: . [mailto:attysjjeff@aol.com]
> Sent: Sunday, March 29, 2015 12:40 PM
> To: Wolanda Shelton
> Subject: Jefferson Address
>
> respectfully, my address is correct the Fayetteville GA box 492 address and I did confirm that with membership on last week twice I sent them a confirming email which is in response to the email she sent me.
>
> > Updated mailing address for the State Bar of Georgia
> > From:attysjjeff <attysjjeff@aol.com>
> > To: Wolanda Shelton <WolandaS@gabar.org>
> > Date:   Fri, Mar 27, 2015 11:33 am
> >
> > Good morning, Ms. Jefferson.
> >
> > I am writing to request a current mailing address for you. The State Bar of Georgia has been attempting to mail you important documents and they have been returned by the U.S. Post Office. Feel free to email me your correct address and please contact the Membership Department to update your mailing address with the State Bar of Georgia.
> >
> > Thank you for your prompt attention to this matter.
> >
> >
> > Wolanda Shelton
> >
> > Grievance Counsel

**Bar Assigned Larry Smith -IP. - 2016**

Acting in bad faith, Mr. Cobb claimed that the Notice of Investigation returned undeliverable but never furnished a copy of proof of return. The bar knowingly assigned Larry Smith as an IP fully aware that he lied to their office during the 2009-2014 proceedings regarding communications with the respondent to secure an automatic suspension for failure to respond to the NOI. In this stead, Mr. Smith filed notice via publication without just or legal cause. The Bar intended to subject the respondent to embarrassment and public ridicule. Recognizing that they did not have a valid claim of professional misconduct, the overcharged her and gave public notice hoping to secure a plea or voluntary petition of discipline.

Mr. Cobb lied and claimed that the respondent refused service. Her email never suggest refusal. See below.

**Bill Cobb** WJCobb@gabar.org

To        '.' attysjjeff@aol.com

Ms. Jefferson,

As you have made clear your rejection of the acknowledgement of service option under the Bar Rules, we will proceed accordingly.

**William J. Cobb**
**Assistant General Counsel**

104 Marietta St. NW, Suite 100 | Atlanta, GA 30303
T: **404-527-8756 DIRECT** | F: 404-527-8744 | wjcobb@gabar.org

 **From:** Attysjjeff
**Sent:** 1/12/2016 9:54 AM
**To:** attysjjeff@aol.com; WJCobb@gabar.org; llgaskin@valdosta.edu; paulaf@gabar.org; jeffd@gabar.org; john.horn@usdoj.gov; atlanta@ic.fbi.gov; rkauffman@hrflegal.com; buck@frg-law.com; pto@olivermaner.com; wolandas@gabar.org; bill@gabar.com; almys@gasupreme.us; Sharonb@gabar.org; haneya@gasupreme.us; tsmith6066@aol.com; efite@kslaw.com; jgh@sktblaw.com
**Subject:** Fwd: Please act to avoid suspension of your law license
Jan 12, 2016

Mr. Cobb eta al

Response to your threats of suspension for the SBGA failure to serve a NOI in accordance with its own rules.

**Maria Waters – 2016 Refusal to Adhere to Duty to Investigate**

11

**Re-Assigned the Case without respondent's knowledge after Larry Smith published several ads in the newspaper in November 2016 about the respondent and the notice of investigation.**

The bar then reassigned the case to Ms. J. Maria Waters on July 26, 2016. She contacted the respondent via voice mail message on July 26, 2016. Respondent called her on July 27, 2016, where she learned that Ms. Waters had not investigated the case or spoke with the grievant Norwood. She said she would call Moore to find out whether the bar instructed her to file a private citizen warrant against the respondent in 2015. She said there was no other information to gather from these parties.

The respondent and Ms. Waters spoke less than ten minutes. On July 27, 2016 the respondent filed her responses to the bar compliant and then on August 8, 2016 she received an email from Ms. Waters. On August 9, 2016 respondent filed objections and every member of the investigative panel considered the case on August 12, 2016. Ms. Waters never conducted an investigation into the allegations surrounding this case before reporting probable cause. Moreover, Ms. Waters was not a Savannah member as she worked and lived in Marietta, Georgia. She is still employed at the same location.

> From: "." <attysjjeff@aol.com>
> Date: Aug 8, 2016 6:59 PM
> Subject: RE: State Bar matters
> To: "J. Maria Waters" <jmw@attorneyjmariawaters.com>," "." <attysjjeff@aol.com>"
> <attysjjeff@aol.com>
> Cc:
>
>
> Aug 8
>
> Good Evening
>
> I am confused
> You reference my most recent responses. I only sent a response as per our conversation two weeks ago, I thought you requested the same.
> I sent responses and two email exhibits one with photos and the other with PDF.
>
> You are asking me about the Rules. I'm confused. I merely cite the rules with specific responses to the allegations to establish which rules are not implicated.
>
> Can you explain the problem and what you seeking now
>
> Sherri Jefferson

**From:** J. Maria Waters
**Sent:** 8/8/2016 6:29 PM

12

**To:** attysjjeff@aol.com
**Subject:** RE:  State Bar matters

Ms. Jefferson,


Good day.  I noticed your most recent responses include paragraph(s) concerning the rules and panel members.  You properly were served via service by publication.  These matters would have been addressed with the service by publication.

I am attaching copies of the notices of investigation and the names of the investigative panel members which would have been included with the service via publication.  Please notify me by Wednesday, August 10, 2016 if you have any additional response or if you wish to object to a panel member.  Any challenge to a panel member would have needed to be made within ten (10) of service by publication.  However, I will still note and express your objections, if any, to a panel member.

You can respond by e-mail with any additional responses or any objections.  Please remember to have your responses signed in the presence of a notary.

Please feel free to ask any questions.

J. Maria Waters


**Office of General Counsel in concert with local judges in Bibb and Houston County**

Recognizing that the judge issuance of the ex parte private citizen warrant violated the civil and constitutional rights of the respondent, in concert, the Bar elected to use this bar complaint to discredit the respondent and deny her due process against the judges and participants who filed the private citizen warrant.

### Bar Complaint filed January 2017 days after Respondent Challenged Judge Turner of Houston County in a Private Citizen Warrant Case and He Issued Email

Jefferson also filed a petition in that case challenging the constitutionality of the private citizen warrant statute. Then, Judge Turner had issued an email to other judges with an order stating that he had subject respondent to arrest for a private citizen warrant.  Bibb county judges were included in his communications.  Five days later, respondent is served with a formal complaint by the bar for allegations stemming from the 2015 grievance based upon the frivolous private citizen warrant filed by Norwood and Moore and via an ex parte hearing, granting by Judge Turner.

From: bturner@houstoncountyga.org
Sent: 01/24/2017 2:46 PM

13

To: arthursmith@columbusga.org; wrandall@co.bibb.ga.us
Cc: Jbaden@3rdjad.org; Attysjjeff Subject: Request for Judicial Assistance, Houston County Magistrate Court

Judges Smith and Randall:

Please consider this email as a request pursuant to O.C.G.A. §15-1-9.1 (b)(1) and Rule 4.2.4 of the Uniform Rules of the Magistrate Courts, for assistance as set forth in the statute and Rule to select and assign another judge to hear all proceedings in the above referenced matter.

I have already issued a voluntary order formally recusing myself and all other Houston County Magistrates from hearing this matter. For your information, I have attached a copy of that order, along with copies of the original warrant application (with incident report) and all responsive pleadings filed by the Accused's attorney. Thank you for your assistance.

## CONFLICT OF INTEREST, FAIULRE TO PERFORM DUTIES AND DENIAL OF RECUSALS

CONFLICT OF INTEREST OF STATE BAR OF GEORGIA OFFICE OF GENERAL COUNSEL, INVESTIGATIVE PANEL, SPECIAL MASTER AND REVIEW BOARD

**Office of General Counsel:**

Please see bad faith acts above

**Investigative Panel:**

Larry Smith and J. Maria Waters as noted above.

Plus, Ms. Boston of DeKalb County chaired the board at a time when the respondent had a pending case in her office as well as before the court regarding a case of national and local importance. In the matter of Heard, which appeared before this court on appeal and before the SCOTUS for cert. (denied).

Several members of the panel were objected, but all continued to vote over objections.

Furthermore, in violation of the rules, the record is devoid of evidence of a motion for continuance. Upon careful review of the record, it is devoid of an affidavit or motion to continue the timeframe to seek or file a formal compliant after the 30-days from a finding of probable cause.

**Office of General Counsel -**

Failure throughout the proceedings to provide correct Rules Implicated and Supporting Facts in violation of Supreme Court of the United States holding in In re Ruffalo.

14

-----Original Message-----
From: Bill Cobb <WJCobb@gabar.org>
To: Sherri Jefferson (attysjjeff@aol.com) <attysjjeff@aol.com>
Cc: Bridget Bagley (bagley.bb@gmail.com) <bagley.bb@gmail.com>
Sent: Tue, May 29, 2018 4:13 pm
Subject: Review Panel Internal Rule 7

Ms. Jefferson,

I regret to report that the Internal Rules of the Review Panel as they appeared on the State Bar's website on May 16 and 17, 2018, when I copied and emailed Rule 7 and other material to you, were not the current version of the rules.  The rules were last amended in June 2016, including amendments to Rule 7.  The error may have occurred in the process of the recent conversion to the new State Bar website, as the latest print edition of the State Bar Handbook contains the rules as amended in June 2016. (The error did not affect Rule 14 which I also sent you; it was not amended at that time.)   The current Review Panel rules are now on the website – https://www.gabar.org/Handbook/index.cfm#handbook/part7 – and current Rule 7 is also pasted below.  I will further address the rule when I file my response to your objection asserting that it was violated, filed May 23, 2018.

I apologize for any inconvenience this error may have caused.


**Special Master:**

**Forum shopping of a Special Master** by forcing the respondent to change her mailing address before service of the initial bar grievances.

    -----Original Message-----
From: . [mailto:attysjjeff@aol.com]
Sent: Sunday, March 29, 2015 12:40 PM
To: Wolanda Shelton
Subject: Jefferson Address

respectfully, my address is correct the Fayetteville GA box 492 address and I did confirm that with membership on last week twice I sent them a confirming email which is in response to the email she sent me.

    Updated mailing address for the State Bar of Georgia
From:attysjjeff <attysjjeff@aol.com>
To: Wolanda Shelton <WolandaS@gabar.org>
Date:   Fri, Mar 27, 2015 11:33 am

Good morning, Ms. Jefferson.

I am writing to request a current mailing address for you. The State Bar of Georgia has been attempting to mail you important documents and they have been

15

returned by the U.S. Post Office. Feel free to email me your correct address and please contact the Membership Department to update your mailing address with the State Bar of Georgia.

Thank you for your prompt attention to this matter.


Wolanda Shelton

Grievance Counsel


**Assigned a Conflicted Special Master Patrick Longan**
[Several white attorneys have successfully attained reappointment of special masters with a fraction of the conflicting issues presented herein].

Jefferson graduated from Mercer U, but also successfully sued Mercer University for discriminatory practices, interference with graduation record, failing to issue her transcripts to attend law school, etc.

Moreover, the record will show that Patrick Longan also contacted Judge Katherine Lumsden, a Mercer University graduate and judge in Houston who advanced a frivolous bar compliant against Jefferson before this court from 2009-2014, to use her courtroom to conduct a sanction hearing against Jefferson. Then, he personally contacted another Mercer University law school graduate and judge from Clayton County, Georgia to use her courtroom.

*Failure to Disclose Relationship to CEMEX*

Mr. Patrick Longan knowingly misrepresented his relationship to the parties in the complaint against Sherri Jefferson. Grievant, Rodney Norwood is employed by CEMEX and has been employed in a managerial capacity for more than 30 years.

Since 1983, has engaged in extensive travel on behalf of the company and their Texas office and affiliates. Cemex aka Lone Star, Pioneer Concrete, and Medusa has employed Norwood in several capacities. The bar complaint falsely alleges that Sherri Jefferson contacted Cemex regarding Norwood. However, it fails to state that Norwood falsely accused Jefferson of "stealing his Cemex retirement plan --- by receiving his mail." Jefferson contacted Cemex to investigate Norwood's false allegations and Cemex legal counsel and outside firm were part of this investigation, which included the CEO. Norwood's allegations were unfounded, unproven, unsubstantiated and declared false.

Norwood's allegations were part of his private citizen warrant and bar complaint against Jefferson. The State Bar of Georgia alleged that Jefferson's defensive communications with CEMEX, to ask for an investigation into the merit of his false claims against her, met the bar's definition of professional misconduct because Norwood was a "former client."

16

At all times, Patrick Longan knew and had reason to know that he served as legal counsel for Cemex aka Lone Star and Pioneer Concrete. He served as an attorney and partner in the law firm of Andrews & Kurth.

During this bar complaint, Norwood remained employed with Cemex. Longan failed to disclose his connection to Cemex and his partnership with Andrews & Kurth throughout his service as special master. Although no longer partner, he served the firm and the client for years and received profit sharing from his partnership. See DVORKEN v. LONE STAR INDUSTRIES, INC. No. 2-87-023CV. Attorney(s) appearing for the Case Sherrill & Pace, D. D'Lynn Davison, Wichita Falls, for appellants. Akin, Gump, Strauss, Hauer & Feld, Melinda G.

Jayson, Dallas, and William A. Nobles, Decatur, for appellee Lone Star Industries, Inc. Andrews & Kurth, Charles R. Haworth and Patrick E. Longan, Dallas, for appellee Pioneer Concrete of Texas, Inc.

*Kaplan Bar Review Special Master, Mercer University and Review Board Members Employed by Mercer's Attorneys: Swift and Currie and Freeman and Mathis*

Notwithstanding, the fact that Jefferson attended and graduated from Mercer University. Jefferson successfully litigated against Mercer University on grounds that included discriminatory practices regarding their withdrawal of her transcript and record to attend law school. Longan is employed by Mercer University School of Law.

Swift and Currie represented Mercer University and several of their lawyers serves as Trustees for the University as well as sit on the Bar's Review Panel.

Patrick Longan failed to disclose that he is and has been employed by Kaplan. He serves as their Bar Review faculty. In an email used in response to a challenge to his services as an expert for his "long-time friend," the parties relied upon an email written by Mr. Longan.

He wrote that he relies on this income from Kaplan to "pay the tuition" for his children's college attendance.

From: Patrick Longan [LONGAN_P@law.mercer.edu]
Sent: Saturday, July 05, 2014 3:56 PM
To: Brown, Mark
Subject: RE: Discovery question
Mark, Good to hear from you, and I'm glad all is well. I am home for a couple of days before I go back on the road doing bar review lectures for Kaplan - not glamorous, but the college tuition must be paid! Save now! Emery is working in a lab this summer at Furman on a grant to do something with genetic mutations of yeast that will help find a cure for leukemia. He likes the lab work and he has a girlfriend! Mitch is doing a summer abroad through Tulane and is working in Cambodia. Wild stuff

17

Longan knew or had reason to know that Jefferson was gainfully employed by Kaplan and served as a faculty member. He knew or had reason to know that Jefferson is a recipient of two "prestigious" awards from Kaplan. The Teacher of the Year from Worldwide Campuses as well as The 2013 Kaplan Way Leadership Award.

Re: Kaplan Way Leadership Award Winners - Pick Your Office Gear!
From: Kaplan Awards <kaplanwayawards@kaplan.com>
To: Paige Cohen <pcohen@khec.com>
Cc: Sherri Jefferson <sjefferson@bauder.edu>; Shannon Gilmer <sgilmer@bauder.edu>; attysjjeff <attysjjeff@aol.com>
Date: Wed, Jan 22, 2014 1:31 pm
Attachments Kaplan_Way_Award_IMG...jpg (7.5 MB)
Hi Sherri,

It seems that you've been the recipient of two different awards last year (congratulations!). One was delivered from FL via UPS on December 30, 2013 to the following address on behalf of The Kaplan Way Leadership Awards. I've included a snapshot of a similar mock-up so that you can see if for reference.

Bauder College Attn: Professor Sherri Jefferson, Department of Criminal Justice 384 Northyard Blvd Atlanta, GA 30313

Please will you confirm whether you have received this?

*Conflicting Role as Special Master, Expert Witness and Witness for Hire*

A conflict of interest is defined as one having a social, political, economic or familial interest in the present or outcome of a case/matter. In the Matter of Sherri Jefferson, Patrick Longan served as the "special master." A special master is required to be a neutral party who must balance the scales of justice and be an impartial trier of fact.

Patrick Longan failed to disclose that he uses his serves as a special master in furtherance of securing monetary compensation as an expert witness. In fact, before the Superior Court of Fulton County, in MSOUTH EQUITY PARTNERS, L.P., a Delaware limited partnership Plaintiff, vs. ALSTON & BIRD, LLP, a Georgia limited liability partnership Defendant, Mr. Longan served as an expert witness.

He was compensated for his services. His services were challenged by opposing side. In response to their challenge to strike his affidavit as an expert, he proffered a 13-page affidavit, which included his resume.

Longan used his resume to support his services as special master for the State Bar of Georgia in furtherance serving as a paid expert. His resume1 recites several cases before the Supreme Court of Georgia [In re Stewart S15B0141, In re Evans S0701395 and In re Glenn S13Y0802, to name a few].

18

In reliance upon these cases and in support of his request to be considered an expert, he states the Supreme Court and State Bar of Georgia "approved his recommendations."

*Evidence that Patrick Longan Lied and Misrepresented His Relationship With and Knowledge of Judge William Self and Edgar Ennis*

Patrick Longan has a special relationship with Judge William Self who held Jefferson in criminal contempt of his Bibb county court after her refusal to play politics with his business partners regarding a land deal. Judge Self also filed a bar complaint against Jefferson and hired a Bibb county lawyer (Mr. Lumley) to threaten Jefferson into silence. Longan claimed that he had no relationship with him or Judge Ennis or the probate court. However, Longan serves as the administrator for William A. Bottle Inns of Court#, which provides is significant to his role as the William A. Bottle Chair at Mercer University. Therefore, he does have a working relationship and Williams Self is a life member and one of the founding principals and now serves as the Inn's "historian." The evidence contradicts his statements regarding his relationship. http://inns.innsofcourt.org/inns/officers.aspx?innid=30335)

*Evidence of Partiality and Personal Relationships and Communications With Persons Seeking His Expert Opinion and Courts Striking His Affidavits*

a) CIVIL ACTION NO. 1:12-cv-0686-JEC (N.D. Ga. Sep. 9, 2013), WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC V. TELEDYNE TECHS., INC.

b) Whiteside v. Infinity Casualty Insurance Company. Filed: May 15, 2007 as 4:2007cv00087.

c) Palmer, A. Columbus firm loses $400K conflict suit. Daily Report. March 22, 2006. http://winstonbriggslaw.com/wp-content/uploads/2013/11/BRI002_daily_report_first_impression.pdf

d) Pages of documents of Email communications between him and parties to litigation in Case: 2:13-cv-00953-MHW-TPK Doc #: 161-1 Filed: 08/12/14 Page: 1 of 10 PAGEID #: found at http://moritzlaw.osu.edu/electionlaw/litigation/documents/LibertarianParty2.pdf

From: Patrick Longan [LONGAN_P@law.mercer.edu]
Sent: Wednesday, July 16, 2014 4:57 PM
To: Brown, Mark
Subject: RE: Discovery question
Mark, I am working on this, and since our communications are protected by work product in federal court, I wanted to raise an issue with you. I was researching the privilege question, and found a case from the 7th Circuit. You may know it - the citation is 171 F.3d 511. It appears to hold that the identity of a third-party payor may be privileged if the payor is also a client and the revelation of the payor's identity would reveal that

client's motives for seeking representation. Has this argument been raised yet, or have they abandoned the privilege argument and instead decided to rely upon confidentiality? Is there any hint that the third-party payor is also a client?

Pat

Patrick E. Longan W. A. Bootle Chair in Ethics and Professionalism Walter F. George School of Law Mercer University 1021 Georgia Ave. Macon, Georgia 31207 (478) 301-2639  http://www.law.mercer.edu/facultystaff/bios/patrick-longan

**Review Board Conflicts**

Respondent filed her objections to members of the review board, including

**Marsh** who is employed as an attorney at Swift and Currie – Mercer attorneys.

**Tony Askew** who serves as special assistant attorney for the State of Georgia and the case that he claims the respondent engaged in misconduct is against the state of GA – constitutional challenge to the state private citizen warrant law. He is also employed at Emory University and his firm serves as the pro bono lawyers for Children's Voices of Georgia, a child advocacy group who participated in the smear campaign against the respondent and her African American Juvenile Justice Project. Emory's Barton Clinic was part of the smear campaign, too.

**Alice Rogers** employed by Emory.

**Bridgett Bagley**, spouse is a partner in the law firm of a current case that I represent.

**Bibb County state judge, Mr. Monroe.**

Many, many more conflicts.

**From:** Jessica Oglesby
**Sent:** Wednesday, May 30, 2018 3:19 PM
**To:** attysjjeff@aol.com
**Cc:** bagley.bb@gmail.com; Bill Cobb
**Subject:** RE: May 30, Filing RE: In the Matter of Sherri Jefferson 6888 & 6889

Ms. Jefferson-

Regarding question number one, there is not a rule which addresses sur-reply.

As for questions two and three, I have not received any ruling from the Review Panel. When I do, I will file it and forward you copies.

Sincerely,

**JESSICA OGLESBY** // Clerk, State Disciplinary Board

104 Marietta St. NW, Suite 100 | Atlanta, GA 30303
T: 404-527-8721 | F: 404-527-8744 | jessicao@gabar.org
CONNECT WITH THE BAR:

20

**From:** Jeff [mailto:attysjjeff@aol.com]
**Sent:** Wednesday, May 30, 2018 3:01 PM
**To:** Jeff ; Paula Frederick; Bill Cobb; jomonroe@maconbibb.us; BGoldstucker@nallmiller.com; aimee.sanders@alston.com; tommym@malonelaw.com; TAskew@mcciplaw.com; Jessica Oglesby; Sharon Bryant; Jeff Davis; buck@frg-law.com; bryan.cavan@millermartin.com; diane.owens@swiftcurrie.com; sbakins@epra-law.com; bagley.bb@gmail.com
**Subject:** May 30, Filing RE: In the Matter of Sherri Jefferson 6888 & 6889

Ms. Oglesby,

I received your email today - May 30th - asserting that you are forwarding the Bar's response to the RP of my Exceptions.

I have not been able to review and respond at this moment.
However, here are my immediate questions which you have continued to not answer:

1. Under the rules I am entitled to file responses/sur reply to the Bar's filings. What day is that deadline since the agenda is June 8th even though we have 30 days.

2. I specifically filed for oral argument on April 2, 2018. What is the status of my request by vote of the panel under the 10 day rule?

3. What is the ruling on the objections to the panel members?


Jefferson


**RE: Filing: In the Matter of Sherri Jefferson 6888 & 6889**

**From:** Bill Cobb <WJCobb@gabar.org>
  **To:** Jeff <attysjjeff@aol.com>
  **Cc:** Bridget Bagley (bagley.bb@gmail.com) <bagley.bb@gmail.com>; Jessica Oglesby <JessicaO@gabar.org>
 **Date:** Mon, Jul 2, 2018 3:12 pm
Ms. Jefferson,

Ms. Oglesby is out until Thursday, July 5, but I wanted you to know that your document titled "Request for De Novo Hearing or Acquittal of Complaint by State Review Panel" was received and filed today.

**WILLIAM J. COBB** // Senior Assistant General Counsel


**OTHER CONFLICTS**

21

**Bryan Cavan of Miller and Martin (recently retired 2018)**

Mr. Cavan is a registered lobbyist for the State Bar of Georgia legislative division.  He lobbies for passage of legislation promoted by the Bar.  He has opposed legislation promoted by the respondent and her African American Juvenile Justice Project as well as her #FemaleNOTFeemale initiative for victims of sex trafficking and Raise the Age, to name a few.

However, he serves the bar and this court as the coordinator for the appointment of special master and he selected Patrick Longan.

## DISPARITY AND DISCRIMINATION

It is as much the duty of the prosecutor [or the Judge] to refrain from improper methods calculated to produce a wrongful conviction (discipline) as it is to use every legitimate means to bring about a just one. 318 U. S. 248. Viereck v. United States, 318 U.S. 236 42.

Similarly argued, under the equal protection component of the Fifth Amendment's Due Process Clause, the decision whether to prosecute may not be based on an arbitrary classification such as race or religion. Oyler v. Boles, 368 U.S. 448, 456

Every attorney should be protected against abuse.  The bar engages in denial of due process from the outset of their grievances by creating delay between the presentations of probable cause, to the filing of the formal complaint and by denial of evidentiary hearings.

The Supreme Court held that the conduct of hearing officers by a person who, while he had not investigated the case heard, was also an investigator who must judge the results of others' investigations just as one of them would someday judge his, raised a substantial problem which was resolved through statutory construction. Wong Yang Sung v. McGrath, 339 U.S. 33 (1950). In Gibson v. Berryhill, 411 U.S. 564 (1973).

1. The respondent also timely raised these concerns throughout these "proceedings" that she has been subject to **discriminatory, arbitrary and capricious enforcement of the Rules and prosecution, which includes disparity in discipline**.
   a. Mr. Cobb, a white male prosecutor continues to engage in discriminatory prosecution of black versus white attorneys.
      i. Supreme Court of Georgia.  IN RE: Shannon Briley-Holmes. S17Y0668    Decided: February 27, 2017 Mr. Cobb did not oppose a voluntary petition of Shannon's petition despite allegations of violating the rights of 11 clients.

      **"Finally, as the special master aptly put it,  Together, these cases reveal a disturbingly extensive pattern of similar misconduct extending over a period of several years, including seven cases of abandonment (Rule 1.3), [three] cases involving failure to**

22

**communicate with clients (Rule 1.4), and four cases of violating obligations to clients upon termination of representation  Rule 1.16)."**

Mr. Cobb agreed to a one-year suspension.  Ms. Holmes is a white female attorney and he never sought disbarment.  The court rejected her suspension petition, but he never opposed it!

... "Nevertheless, the State Bar recommends that this Court accept Briley-Holmes' petition because it believes that a one-year suspension with conditions for reinstatement as specified in her petition would be an appropriate discipline for her conduct, as a penalty to her, a deterrent to others, and an indication to laymen that the courts will maintain the ethics of the profession. See In the Matter of Ricks, 289 Ga. 136 (710 SE 2d 749) (2011)."

In this instant case, there are no violations against a "client" in this regard.

In the **Attorney John Spain case** [S17Y1287]  a white male, Mr. Cobb presided as a prosecutor and Anthony Askew as Review Panel Chair, gave this individual 30-day suspension for criminal conviction of his plea no contest to stalking, sending harassing email communications, which allegedly contained threatening language, intimidation and personal attacks on opposing counsel and made inappropriate remarks about counsel and members of her family - 30-day suspension.

b. Examples includes evidence of white attorneys who were charged with and convicted of crimes who were never subject to disciplinary action; white attorneys who were found guilty of murder [McIver] who were never subject to disciplinary actions and who are subject to suspension and not disbarment. [Compare, the bar moved forward against the respondent with prosecution for professional misconduct before the resolution of allegations she faced by grievant.]

c. There is no standard or uniform method of prosecuting or disciplining attorneys, and the unbridle discretion has a discriminatory effect as applied and on its face.

d. That she has been subject to disparity in discipline.

e. That research for attorney discipline for the last decade proves that  black attorneys are more likely than not subject to discipline and disbarment when faced with the same offense as white attorneys [Exs: Kimberly Copeland, Denise Majette, Michael Edding, etc.].

    i. In fact, before disbarring Sam Levine[w/m] he was provided three (3) different special masters all his motions for reappointment were approved; Jefferson was denied reappointment where she followed the rules.

    ii. before disbarring Patrick Kaufman, he was provided extensive opportunities by the Office of General Counsel, had multiple bar complaints from different clients based upon serious allegations of misconduct;

23

        iii.  Millard Farmer has not faced any disciplinary actions despite allegations of professional misconduct issued by an Order of the court after extensive hearings (actual hearings, not a paper mill of docketing pleadings unread),

        iv.  Newell Hamilton faced multiple allegations of professional misconduct before the bar ever pursue him and when doing so, he was not disbarred.

        v.  McIver had evidence of bribing a judge over a recorded jail call, and arrested and indicted for murder, and has never faced disciplinary actions, the list goes on.

   f.  The bar knowingly advance frivolous actions with hopes of public shaming before the Supreme Court. Even where there is an administration of confidential reprimand, the public record follows the lawyers.

   g.  That research and evidence proves that the State Bar Office of General Counsel has used sanctions for allegations of failure to comply with discovery as the sole means to deprive attorneys of their license to practice law while denying them evidentiary hearings on the allegations of professional misconduct. In fact, Mr. Cobb has used this method in the last four cases of disbarment thereby shifting the burden of persuasion in disciplinary proceedings to the attorney.

**Disparity and Targeting Specific Attorneys by Race, Law School of Attendance and Locale**

A.  JMLS are graduates are 100x more likely to be subject to discipline than other law school graduates in Atlanta. The Bar also is more likely to target graduates of out of state law schools on the same level as JMLS, but accord Mercer, GSU, Emory and UGA deference and preferential treatment.

B.  n viewing 80 cases of discipline assigned to the Bar OGC since 2014 over 90% of the cases recommended for or subject to disbarment and suspension from the practice of law by specific prosecutors are blacks and/or graduates of JMLS (ATL) and out of area law school graduates (FL, etc).

C.  True, the integrity of the profession must be safeguarded and public confidence is important. However, public confidence in our judiciary and it's arm is important, too

D.  From denial of full access to the court like most jurisdictions as the majority of lawyers are denied oral argument/presentation of their case, to failure to adhere to specific rules governing disciplinary action, to use of political and socially driven in house prosecutors, to failure of attorney appointees to investigate allegations (Investigative Panel) to creating new and unfounded allegations against attorneys to overcharging to force voluntary discipline to questionable selection and forum shopping of special masters by the Clerk of Court, 'Coordinator' and the Bar staff to questionable 'default' judgments for alleged failure to respond to notice of investigation, discipline and/or discovery to failure of review panel to actually review compliant and engage in neutral fact finding of special master report, the entire bar disciplinary review process is flawed with bias and disparate impact.

24

E.  Failure to respond to notice of investigation, discipline and/or discovery to failure of review panel to review compliant and engage in neutral fact finding of special master report, the entire bar disciplinary Review process is flawed with bias and disparate impact.

F.  Upon further review, it is noted that the unbridled abuse of prosecutorial discretion has an arbitrary, capricious and discriminatory effect.

**Within the last 3-6 months here is a list of Atty discipline - 90% JMLS grads and/or out of area lawyers.**

1.  Attorney Nancy Martin-Veator jmls
2.  Attorney Thomas Stewart jmls
3.  Mr. David P. Rachel jmls
4.  Mr. Sam Levine jmls
5.  Shannon Briley Holmes jmls
6.  Amber C. Saunders jmls
7.  Atty Willie G. Davis jmls
8.  Atty Neil Larson jmls

Schools other than JMLS and out of state law school graduates subject to discipline in the last 3-6 months

9.  Richard Hunt (Woodrow Wilson)
10. George W. Snipes (Woodrow Wilson)
11. Attorney Sydnor
12. Atty Podvin
13. Atty Koplan
14. Atty R. Polk,  L. Annis
15. Atty Sherri L. Washington
16. Kara S. Lawrence
17. Jeff Sakas
18. Bonnie Youn
19. Atty LeDoux

**Disciplines Since 2014/2015**

20. Joel David Myers, disbarred UoSC 2015
21. Miguel Garcia - disbarred MU
22. Atty Kizito U of Missouri
23. C. Lain Southern U
24. Perrin Lovett  Nova
25. Lesley Annis Golden State
26. Hamer ALS
27. Sam Levine JMLS
28. David Rachel JMLS

29. Joseph Arrington
30. Gerald Fudge  (disbarred suspended for criminal indictment Compare to Claud McIver indicted and guilty by jury verdict for murder) U of Tenn
31. Walter Linton UGA
32. Cheryl Braziel JMLS (S18Y0162)
33. Michael L. Terrell Nova
34. Neil Larson JMLS
35. Jennifer Wright Loyola U
36. Anthony Kerr Howard U
37. Morris Fair JMLS
38. L. P. Kates JMLS
39. Perry Bailey Florida Coastal
40. Laurie Thomas Florida Coastal
41. Craig Bonnell LSU
42. Richard Buckley Woodrow Wilson
43. W. Merisotis, JMLS

**Compare Discipline of White Attorneys to Black Attorneys Far More Egregious Acts Less Disciplinary Measures**

**Claud L. McIver III (convicted of murder)**
1075 Peachtree St. NE, Suite 3500
Atlanta, GA 30309
Admitted to Bar 1973
Indefinite Suspension
06/04/2018
https://www.gabar.org/forthepublic/recent-discipline.cfm Retrieved on December 2, 2018 at 12:16 pm – *also followed for last several months*

1.  Attorney Jefferson Adams of Jackson, GA
2.  Attorney Stephen Adkins Jr. of Hoschton, GA
3.  Attorney R. James Babson Jr. of Atlanta
4.  Attorney Roy Barnes of Marietta, GA
5.  Attorney Tiffini Bell of Atlanta
6.  Attorney Michael Berlon of Grayson, GA
7.  Attorney Leighton Berry, Jr. of Atlanta
8.  Attorney James Bone of Villa Rica, GA
9.  Attorney Nikki Bonner of Atlanta
10. Attorney Jerry Boykin of Powder Springs, GA
11. Attorney Suzanne Boykin of Clarkesville, GA
12. Attorney John Branan of Macon, GA
13. Attorney Shannon Briley-Holmes of Jonesboro, GA
14. Attorney Valerie Brown-Williams of Albany, GA
15. Attorney Richard Buckley, Jr. of Tifton, GA
16. Attorney Dianne Busch of Marietta, GA
17. Attorney Johnnie L. Caldwell, Jr. of Thomaston, GA

18. Attorney Dale Calomeni of Roswell, GA
19. Attorney John Cannon of Albany, GA
20. Attorney Joseph Carragher, Jr. of Atlanta
21. Attorney Melissa Clyatt of Valdosta, GA  ·
22. Attorney Lourdes Coleman of Augusta, GA
23. Attorney Adam Conti of Atlanta
24. Attorney Christopher Corley of Augusta, GA
25. Attorney James Cornwell, Jr. of Toccoa, GA
26. Attorney David Cortman of Lawrenceville
27. Attorney Gary Coulter of Bogart, GA
28. Attorney Chalmer Detling II of Marietta, GA
29. Attorney Oliver H. Doss, Jr. of Blue Ridge, GA,
30. Attorney Robert Eddleman of Carrollton, GA
31. Attorney Reed Edmondson Jr. of Covington, GA
32. Attorney Michael Edmunds of Marietta, GA
33. Attorney Shirley Edwards of Clarkston, GA
34. Attorney Perry Ellis of Atlanta, GA
35. Attorney Christopher Elrod of Oakwood, GA
36. Attorney Morris Fair Jr. of Decatur, GA;
37. Attorney Robert Falanga of Alpharetta, GA;
38. Attorney David Farnham of Blue Ridge, GA
39. Attorney Beryl Farris of Atlanta
40. Attorney James Flynt of Atlanta
41. Attorney Randolph Frails of Augusta, GA
42. Attorney John Giglio of Ringgold, GA
43. Attorney Kenneth Glenn of McDonough, GA
44. Attorney Robert Glickman of Atlanta
45. Attorney Jeffrey Grable of Marietta, GA
46. Attorney Johnnie Graham of Albany, GA
47. Attorney Gayle Graziano of Hiawassee, GA
48. Attorney Michael Greene of Canton, GA
49. Attorney R. Joseph Hammill of Brunswick
50. Attorney Newell Hamilton Jr. of Brunswick, GA
51. Attorney Clifford Hardwick IV of McDonough, GA
52. Attorney Richard Harste of Savannah, GA
53. Attorney David Hartin of Marietta, GA
54. Attorney Tyrone Haugabrook of Valdosta, GA; convicted tax
55. Attorney William Heitmann III of Poler, GA
56. Attorney Warner Hodges of Cumming, GA
57. Attorney Neal Howard of Columbus, GA
58. Attorney Scott Huggins of Cumming, GA
59. Attorney Charles Hutt of Atlanta
60. Attorney Nicole Jones of Douglasville, GA
61. Attorney David Judah of Macon, GA, Theft
62. Attorney Scott King of Atlanta
63. Attorney Steven Koval of Atlanta

27

64. Attorney Ronnie Lane of Monroe, GA
65. Attorney Shanina Lank of Douglasville, GA
66. Attorney David Lashgari of Marietta, GA
67. Attorney Lisa Lenn of Woodstock, GA
68. Attorney John Leslie of Marietta, GA
69. Attorney Robbie Levin of Marietta, GA; convicted
70. Attorney John Lewis IV of Augusta, GA; convicted
71. Attorney John Lloyd of Savannah, GA
72. Attorney Brace Luquire of Columbus, GA
73. Attorney Joseph Maniscalco Jr. of Atlanta
74. Attorney John Martin of Woodstock, GA;
75. Attorney Nancy Martin-Veator of Acworth, GA
76. Attorney Billy Mathis Jr. of Albany, GA
77. Attorney Tony Mathis of Stone Mountain, GA
78. Attorney E. Gilmore Maxwell of McDonough, GA
79. Attorney Timothy McCalep of Atlanta
80. Attorney Vincent McGraw of Lawrenceville, GA
81. Attorney Claud McIver III of Atlanta, GA convicted
82. Attorney James Meaney III of Dalton, GA
83. Attorney Robert Meier IV of Atlanta
84. Attorney A. Todd Merolla of Atlanta
85. Attorney John Meyers of Atlanta
86. Attorney Brenden Miller of Jonesboro, GA
87. Attorney Christopher Miller of Jasper, GA
88. Attorney Jerry Moncus of Dalton, GA
89. Attorney Alvis Moore of Atlanta, GA
90. Attorney Jay Morrey of Norcross, GA
91. Attorney Kristopher Nathan of Monroe,
92. Attorney Hugh Nowell of Marietta, GA
93. Attorney John Olczak of Atlanta
94. Attorney Brendan O'Marra of Dallas, GA
95. Attorney Robert Ortman of Canton, GA
96. Attorney Nicholas Pagano of Savannah, GA
97. Attorney Travers Paine III of Augusta, GA
98. Attorney Christopher Palazzola of Atlanta
99. Attorney Albert C. Palmour Jr. of Summerville, GA
100. Attorney Ricardo Polk of Decatur, GA
101. Attorney Marc Pilgrim of Atlanta
102. Attorney Russell Pope of Conyers, GA
103. Attorney Patrick Powell of Dacula, GA
104. Attorney Michael Proctor of Gainesville, GA
105. Attorney David Ralston of Blue Ridge, GA
106. Attorney Alexander Repasky of Marietta, GA
107. Attorney Robert Richbourg of Tifton, GA
108. Attorney John Roberts of Atlanta
109. Attorney Charles T. Robertson II of Woodstock, GA

28

110.    Attorney S. Carlton Rouse of Snellville, GA
111.    Attorney Karen Sacandy of Woodstock, GA
112.    Attorney Jeffrey Sakas of Atlanta
113.    Attorney Daniel Saxton of Atlanta
114.    Attorney Kenneth Schatten of Atlanta
115.    Attorney Jeffrey Schwartz of Marietta, GA
116.    Attorney William Shurling of Macon, GA
117.    Attorney Jed Silver of Atlanta
118.    Attorney Margrett Skinner of Macon, GA
119.    Attorney John Spain of Atlanta, GA
120.    Attorney John Spain of Atlanta, GA
121.    Attorney Thomas Stewart of Stockbridge, GA
122.    Attorney Stephen Stincer of Savannah, GA
123.    Attorney Richard Summers of Atlanta
124.    Attorney James Swain of Roswell, GA
125.    Attorney Michael Syrop of Marietta, GA
126.    Attorney James F. Tenney of Marietta, GA
127.    Attorney Michael Terrell of Marietta, GA
128.    Attorney Rory Thomas of Lawrenceville, GA;
129.    Attorney Brett Thompson of Ellijay, GA
130.    Attorney Richard Thompson of St. Simons Island, GA
131.    Attorney William Toler III of Atlanta
132.    Attorney Thomas Topmiller of Marietta, GA
133.    Attorney John Tucker of Newnan, GA
134.    Attorney Kelly Turner of Cumming, GA
135.    Attorney Carlton H. Vines of Trion, GA; convicted
136.    Attorney Stephen Waldrop of Fayetteville, GA; convicted
137.    Attorney Monique Walker of Augusta, GA
138.    Attorney Christopher Weems of Athens, GA
139.    Attorney John Welsh II of Lawrenceville, GA; convicted
140.    Attorney Karen Wilkes of Rome, GA
141.    Attorney Michael Winner of Sandy Springs, GA
142.    Attorney Ernest H. (Bucky) Woods III of Clarksville, GA

THEREFORE, that said evidence demonstrates denial of due process and full participation in the case and therefore a showing that the respondent is entitled to an evidentiary hearing and dismissal of these false accusations.

This 27th day of December 2018

**I, Sherri Jefferson affirm under the penalty of perjury that this information is true and correct to the best of my knowledge.**


/s/ Sherri Jefferson

CERTIFICATE OF SERVICE

I hereby serve a copy of the within pleading upon opposing counsel as follows:

**REVIEW PANEL MEMBERS**
Mr. Anthony B. Askew
Meunier Carlin & Curfman, LLC
999 Peachtree Street, NE, Suite 1300 Atlanta, GA
30309 aaskew@mcciplaw.com

Mr. Halsey George Knapp, Jr.
Krevolin & Horst LLC
1201 W. Peachtree Street NW Suite 3250
Atlanta, GA 30309
        Email:        hknapp@khlawfirm.com

Mr. Charles B. Marsh
Swift Currie McGhee & Hiers LLP
1355 Peachtree Street NE Suite 300 Atlanta, GA
30309-3238 brad.marsh@swiftcurrie.com

Mr. Jeffery O'Neal Monroe
Bibb County State Court
PO Box 5086 Macon, GA
31213-7199
jomonroe@maconbibb.us

Mr. Ralph F. Simpson
Simpson Mediation Services
3027 Park Avenue North Tifton, GA
31794 rfs@simpsonmediation.com

Ms. Sarah Brown Akins
Ellis Painter Ratterree & Adams LLP
2 East Bryan Street, 10th Floor
PO Box 9946 Savannah, GA
31412 sbakins@epra-
law.com


Ms. Aimee Lynn Pickett
Alston & Bird LLP
One Atlantic Center

30

1201 W Peachtree Street Atlanta, GA
30309 aimee.sanders@alston.com

Mr. Clarence Pennie
M G Systems Inc
771 Shallowford Road Ne 225
Kennesaw, GA 30144

Dr. P. Alice Rogers
Candler School of Theology
Rita Anne Rollins Building
1531 Dickey Drive Atlanta,
Georgia 30322 USA
alice.rogers@emory.edu

Mr. Patrick T. O'Connor
Oliver Maner LLP
218 West State Street
PO Box 10186 Savannah, GA
31412-0386
pto@olivermaner.com

Ms. Bridget B. Bagley  2750
Wyngate, N.W. Atlanta, GA
30305 bagley.bb@gmail.com

**CLERK OF THE BOARD**
Jessica Olgseby
State Bar of Georgia
Clerk of Board
104 Marietta Street Atlanta,
Georgia 30303
jessicao@gabar.org

**SPECIAL MASTER AND COORDINATOR**
Patrick Longan
Mercer University
1021 Georgia Avenue
Macon, GA 31207
LONGAN_P@law.mercer.edu

Byran Cavan
Miller and Martin
1170 Peachtree Street
Atlanta, Georgia 30309

31

Herman M. Kilgore
Kilgore & Rodriguez LLC
36 Ayers Avenue
Marietta, GA 30060
Kilgore.Law@Comcast.net

William Cobb
State Bar of Georgia
Office of General Counsel
104 Marietta Street
Atlanta, Georgia 30303

Paula Frederick
State Bar of Georgia
Office of General Counsel
104 Marietta Street Atlanta,
Georgia 30303
paulaf@gabar.org

Buck Roger
President of the State Bar of Georgia
Brian D. "Buck" Rogers
Fried Rogers Goldberg LLC
3560 Lenox Road NE
Suite 1250 Atlanta,
GA 30326 buck@frg-
law.com

President-Elect
Kenneth B. Hodges III
Ken Hodges Law
2719 Buford Highway NE
Atlanta, GA 30324 ken@kenhodgeslaw.com

Mr. John G. Haubenreich, Chairperson for Disciplinary Committee
Seacrest, Karesh, Tate & Bicknese, LLP
56 Perimeter Center East, Suite 450
Atlanta, GA 30346
Email: jgh@sktblaw.com

Sharon Bryant
State Bar of Georgia
104 Marietta Street Atlanta,
Georgia 30303
sharonb@gabar.org

32

Sherry Boston – IP Chair
Dekalb County Solicitor General's Office
556 McDonough
Decatur, Georgia 30030 sboston@dekalbcountyga.gov


This  27[h] day of December 2018
/s/ Sherri Jefferson
SBGA 387645
Email: attysjjeff@aol.com

# EXHIBIT 2

# Sherri (State Bar) Jefferson

**Date:** September 18, 2017

**Case:** Sherri Jefferson,  State Bar Disciplinary Hearing

**Court Reporter:**  Joyce Oglesby



METRO ATLANTA REPORTERS INC.

**Metro Atlanta Reporters, Inc.**
Phone: 770.985.2344
Fax:770.985.5044
Internet:metroatlantareporters.com

Sherri (State Bar) Jefferson                    9/18/2017

Page 1

DATE: September 18, 2017

CASE: Sherri Jefferson Hearing
      Docket Nos. 6888 and 6889

COURT REPORTER: Joyce Oglesby

PO BOX 1442

Snellville, Georgia 30078

770-985-2344

WWW.METROATLANTAREPORTERS.COM

Sherri (State Bar) Jefferson                                    9/18/2017

Page 2

IN THE SUPREME COURT
STATE OF GEORGIA

DISCIPLINARY PROCEEDINGS

IN THE MATTER OF:                    )
                                     ) SUPREME COURT DOCKET
SHERRI JEFFERSON,                    ) NO. S17B0997
                                     )
STATE BAR No. 387645,                ) STATE DISCIPLINARY BOARD
                                     ) DOCKET NOS. 6888, 6889
        Respondent.                  )
                                     )


                        *   *   *


        The hearing in the above-entitled matter, taken

pursuant to stipulations contained herein; before

Joyce Oglesby, Court Verbatim Reporter in the State

of Georgia, on September 18, 2017 at 9151 Tara

Boulevard, Jonesboro, Georgia, commencing at 9:01

a.m.




                    PO BOX 1442

                Snellville, Georgia 30078

                    770-985-2344

            WWW.METROATLANTAREPORTERS.COM

Sherri (State Bar) Jefferson                                    9/18/2017

Page 3

A P P E A R A N C E S

SPECIAL MASTER:

PATRICK E. LONGAN
Mercer University
Walter F. George School of Law
1021 Georgia Avenue
Macon, Georgia 31207-0001
(478) 301-2639
longan_p@law.mercer.edu

ON BEHALF OF THE STATE BAR:

WILLIAM J. COBB
Office of the General Counsel
State Bar of Georgia
104 Marietta Street, NW, Suite 100
Atlanta, Georgia 30303
(404) 527-8720
wjcobb@gabar.org

ON BEHALF OF THE RESPONDENT:

SHERRI JEFFERSON
305 Smithville Church Road
Warner Robins, Georgia 31088
(478) 922-1529
attysjjeff@aol.com

Sherri (State Bar) Jefferson                                    9/18/2017

Page 4

## INDEX

|                        |                    | PAGES: |
|------------------------|--------------------|--------|
| BY MS. JEFFERSON . . . . . . . . . . | | 4-17 |
| BY MR. COBB . . . . . . . . . . . . | | 18-33 |

## EXHIBITS

| Exhibit No. | Description | Page Marked/ Identified |
|-------------|-------------|-------------------------|
| Respondent's A | Jefferson's Sworn Written Objections to the September 18, 2017 Hearing and Motion for Sanctions | 8/8 |

## TRANSCRIPT LEGEND

-            (Interjection of thought for clarification)
--           (Interruption of thought)
...          (Trailing off or did not complete thought)
(ph)         (Phonetically)
[sic]        (In its original form)

Metro Atlanta Reporters, Inc.
770-985-2344

Sherri (State Bar) Jefferson                           9/18/2017

Page 5

P R O C E E D I N G S

9:01 a.m.

SPECIAL MASTER:  All right, good morning.  We're here -- we're here on a Motion for Sanctions in the case styled In the Supreme Court, State of Georgia, Disciplinary Proceedings in the Matter of Sherri Jefferson, Bar Number 387645, Respondent, Supreme Court Docket Number S17B0997, and State Disciplinary Board Docket Number 6888 and 6889.

I am Patrick Longan.  I am the Court-appointed Special Master presiding over these proceedings.

Would Counsel please identify yourselves for the record?

MR. COBB:  I'm William Cobb, Counsel for the State Bar.

MS. JEFFERSON:  I'm Attorney Sherri Jefferson, and when the Court is ready, I'm going to state my objections on the record before we proceed.  Thank you.

SPECIAL MASTER:  All right, you'll get your chance in just a minute, Ms. Jefferson.

We are here to proceed on the State Bar's Motion for Sanctions for Failure to Provide Discovery.

Mr. Cobb, this is your Motion.  Do you have a good idea how long you will need to present your -- make your presentation and present your arguments?

MR. COBB:  I suspect 15 or 20 minutes.

Sherri (State Bar) Jefferson                                    9/18/2017

Page 6

SPECIAL MASTER:  Okay.  Ms. Jefferson, I understand that you want -- you'll want some time to state your objections to this proceeding, and al --

MS. JEFFERSON:  I --

SPECIAL MASTER:  -- and --  You're not going to interrupt me, Ms. Jefferson.  -- and also at your discretion, at your option, to present argument in opposition to the Motion.  How long do you estimate you need for whatever you need to say?

MS. JEFFERSON:  Okay, for the record, I was not attempting to interrupt.  I was attempting to respond to you, and then ask the question.  And, my -- my objections are to the hearing and --

SPECIAL MASTER:  My -- my question is how long do you need to state your objections and, if you choose to argue against the Motion, how long do you need for that?  That's all --  All I need is a time frame.

MS. JEFFERSON:  About 10 minutes, 5 or 10 minutes.

SPECIAL MASTER:  Okay.  Then, let's -- let's do this, just to make sure that there's no -- nobody feels crimped for time.  I'm going to allot 30 minutes to each side.  Mr. Cobb, we're going -- and Ms. Jefferson, we're going to proceed in a relatively formal way this morning.  And since it's your Motion, Mr. Cobb, you're going to go first.  If you wish to reserve any time to -- for rebuttal after Ms.

Metro Atlanta Reporters, Inc.
770-985-2344

Sherri (State Bar) Jefferson                    9/18/2017

Page 7

Jefferson's presentation, then I'd ask you to tell me, now

how much time do you want to reserve?

MR. COBB:  I'm going to reserve 10 minutes, please,

Your Honor.

SPECIAL MASTER:  All right, so we'll have the initial

presentation of 20 minutes.  Ms. Jefferson, you will then

have 30 minutes, and then Mr. Cobb will have 10.

Mr. Cobb, please proceed.

MS. JEFFERSON:  If I may state my objection on the

record, Your Honor.

SPECIAL MASTER:  You're going to have your

opportunity for objections.

MS. JEFFERSON:  I'm objecting to the proceedings,

Your Honor.  And the preli --  Generally, when you're

objecting to proceedings, the judges allow you to state

your objections for the -- before the proceeding actually

initiates, --

SPECIAL MASTER:  And --

MS. JEFFERSON:  -- but you're allowing him to move

forward with the proceeding, to which I have formally filed

objections and wanted to state my objections on record.

Is the Court denying me the opportunity to state my

objections pursuant --

SPECIAL MASTER:  You're going to have --

MS. JEFFERSON:  -- to McDowell?

Sherri (State Bar) Jefferson                              9/18/2017

Page 8

SPECIAL MASTER:  You're going to have plenty of time to state all the objections and make all the arguments you want to make, Ms. Jefferson.

MS. JEFFERSON:  Okay, so --

SPECIAL MASTER:  Mr. Cobb?

MS. JEFFERSON:  -- I have appeared for the Court.  I have stated my objections.  They've been formally filed as of this morning with the State Bar.  I'm going to present Your Honor with a copy, if I may approach, and I will be presenting Mr. Cobb with a copy, as well, and tendering to you, Madam Clerk -- Reporter, if I may approach and into the well, those are my objections.  And since the Court is denying me an opportunity to formally put my objections on the record, please be advised that they have been properly docketed before the Bar, and my objection is pursuant to the Fifth Amendment and the Fourteenth Amendment.  I objected and, too, respectfully, the Special Master being able to preside over this case as there are several pending Motions.

SPECIAL MASTER:  Okay.

(Whereupon, the court reporter marked Respondent's Exhibit No. A for admission into the record.)

MS. JEFFERSON:  My objections include, but are not limited to numerous cases, including but not limited to

Sherri (State Bar) Jefferson                                    9/18/2017

Page 9

for purposes of this particular hearing, violations of Rule 4-213, violations of 4-217, violations of 4-2-10 (sic), --

SPECIAL MASTER:  I'll tell you what, --

MS. JEFFERSON:  -- and O.C.G.A. --

SPECIAL MASTER:  -- Ms. Jefferson, --  Mr. Cobb, stand down.

MS. JEFFERSON:  -- 1-104(a).

SPECIAL MASTER:  Ms. Jefferson, I'll tell you what. Take the podium.  I'll let you go first.  This is -- comes out of your 30 minutes.  But just to make sure that you feel like you have had your opportunity to be heard, please, make your record, whatever objections you want to state.

MS. JEFFERSON:  For preliminary matters, Georgia Courts have held that a constitutional question will not be decided unless it is essential to the resolution of the case - that's in Bagwell v. Cash.

Before the Court are my written objections, which are sworn and attested to in the form of an Affidavit.  They've been already docketed before the Board, and as well as sent certified mail with return receipt, 24-hour Post Office yesterday, and hand-delivered before the Special Master, Mr. Longan, as well as Mr. Cobb, and presented to Madam Reporter.

Sherri (State Bar) Jefferson                    9/18/2017

Page 10

The challenges include, but are not limited to, pursuant to Champion, Windows of Chattanooga v. Georgia, which state issues and objections not raised in the trial court before and/or af -- during the proceedings are deemed waived and cannot be raised for the first time on appeal. Hence, once the Court makes or attempts to make a definitive ruling on the record, admitted or excluded any evidence, either at or before trial, the party need to not renew an objection or offer or proffer (sic) or reserve (sic) a claim for appeal.  That is pursuant to O.C.G.A. 24-1-103(a), as in apple.  The "Plain Error Rule" pursuant to 24-1-103(d), as in dog, and Rule 4-10(10) (sic) and Rule 4-217(d), as in David.

In McDowell v. Hartzog, the United States -- the Supreme Court of Georgia, case cited at S12G0369, said that once objections are made before the Court that they need not be renewed throughout the course of the proceeding. Notwithstanding that, we make an objection pursuant to 9-11-46(b) and we reserve 9-11-46(b), which allows for, under these circumstances, motions for retrial to be presented where a recusal is pending before the Court and one has not been decided at the time.

The background on this case that would be relative to that particular statute is that on March 2017, Mr. Longan - the Special Master, Mr. Cobb of the State Bar,

Sherri (State Bar) Jefferson 9/18/2017

Page 11

Ms. Bagley, and Mr. Askew - the Chairperson of the Review Panel, engaged in written communications in which they basically asserted they would bypass Rule 4-213, proceed with Motions for Sanctions and Discovery, holding or attempting to hold Sherri Jefferson in contempt. That was in response to Attorney Jefferson's timely-filed Motion for Petition, if you will, for Replacement and Disqualifications pursuant to Rule 4-209(d), like David. That matter was supposed to be heard within 10 days of the filing. It was not. It was properly and timely filed.

The Disqualification Petition includes, but is not limited to, Mr. Longan's political, economic, social, and personal interest. That includes, but is not limited to, the collusion that was just addressed to prejudge and/or predetermine the outcome of these proceedings, his employment relationship with Mercer University, whom Jefferson successfully sued, and was also a student at Mercer University and graduated from Mercer University. It is also pursuant to his relationship with John Marshall Law School where Attorney Jefferson graduated from law school. It includes, but is not limited to, his relationship with a Macon/Bibb County Judge on the Review Panel, as well as his relationship with Judge Self, who was removed and entered into retirement pursuant to complaints that were set forth regarding his frivolous Bar

Sherri (State Bar) Jefferson                                    9/18/2017

Page 12

complaint against Attorney Jefferson and threat to his

lawyer, Mr. Lumley, to perbit -- permit and pursue with

litigation.

This particular hearing is nothing more than an

attempt to object to Rule 4-213, which describes in

pertinent part that a hearing was supposed to be held

within 90 days.  Notwithstanding that, on or about

September 4th, Mr. Longan, on Labor Day, submitted an email

to Ms. Jefferson basically stating that she had till

Friday, September 8th to provide dates of availability.

At all times he knew that Ms. Jefferson was on vacation.

He in turn bypassed that on September 5th, unilaterally

scheduled this hearing for today.

Pending before the Supreme Court is a Motion for

Reconsideration of the September 13th Order which clearly

states that the Review Panel was to review the Motion for

Disqualification.  As of date, they have not reviewed that.

The Motion for Disqualification was timely filed regarding

Mr. Cobb, Ms. Bagley, members of the Review Panel.

Pursuant to Rule 217, those matters were supposed to be

considered, as well as pursuant to the Special Master

Coordinator, Mr. Kilgore, was to examine the

qualifications pursuant to Rule 4-209-3(5).

The objections include, I hereby, Sherri Jefferson,

also, in furtherance of the objections state that I object

Sherri (State Bar) Jefferson                                    9/18/2017

Page 13

on the grounds that the use of discovery as applied in this instant matter is a violation of the Bar rules, and it violates Jefferson's right to a speedy trial pursuant to 413.

I hereby object on the Motion for Sanctions.  It's in violation of Jefferson's constitutional rights under the Fifth Amendment to force her to testify against herself, and the Fourteenth Amendment, a mere scheduled hearing does not negate the collu -- collusion between Mr. Cobb, Mr. Longan, and Mr. (sic) Bagley and Mr. Askew.

I object on the grounds that this particular hearing violates Rule 4-209.3(5), 4-210(10) and 4-217(d), as in David.

I object on the grounds of the 5th Amendment protections that, quote, A party does not lose his Fifth Amendment right in a civil proceeding.  See Maness v. Meyers.  That's on page five.

I object pursuant to Hoffman v. the United States in which the Supreme Court of the United States held that privilege may be invoked against all inquests, which are or may be directly related to or cause a link in chain of evidence necessary to prosecute now or in the near future.

I object to the fact that before the Board and before each of the persons participate in this proceeding today that they are in receipt of verified sworn responses to

Sherri (State Bar) Jefferson                              9/18/2017

Page 14

the September 5th service of the discovery, which includes interrogatories as well as discovery. That they did not comply with Rule 64 -- 6.4(b), like boy, and/or the Motion to Compel.

I object pursuant to the Fifth Amendment grounds supported by Andresen v. Maryland - on page six, so that we don't have to waste time citing. Pursuant to McCarthy v. Arndstein, 266 U.S.34.

I object pursuant to because this discovery does not and is not intended to seek to litigate issues relevant to Rules 4.2., 3.3, 8.1 or 8.4. It's a fishing expedition. See Mazda Motor Corporation. Again, cited on page six.

I object on the grounds that pursuant to O.C.G.A. 24-1-104(a), as in apple, 24-1-104(b), that Mr. Patrick Longan is vested with the authority under those subparts to make findings of fact. However, in light of the fact that he is subject to a disqualification and replacement, he's not in a position to make those rulings.

I object under 9-11-37(d), as in David, because it requires proof of willful misconduct, which is a question of fact, not of law, and that he, based on these disqualifications before the Bar, are not permitted to proceed accordingly.

I object because the discovery was overly broad.

I object because digital evidence, based on lack of

Metro Atlanta Reporters, Inc.
770-985-2344

Sherri (State Bar) Jefferson                           9/18/2017

Page 15

authication (sic) and/or admissibility violates my right to due process, and the following reasons include, but are not limited to, these purported emails by not identified through management challenge, they're incomplete and it lacks integrity of the person and/or persons responsible for being in possession of them, and that there's no witness before the Court today to provide any personal testimony regarding any of these alleged documents.

I object on the ground of relevance because nothing sought by and/or proffered by the Bar by discovery for the Motion for Sanction goes to establish violations of Rules 8.1, 8.4, 3.3, or 4.2.

I object on grounds of hearsay.

I object based on the Hearsay Exception Rule.

I object based on the Best Evidence Standard.

I object on the grounds of the probative must outweigh any prejudicial effect regarding the use of any electronic communications or records.

I object on the grounds as argued and upheld in Smith - and I'll spell the last name - H-a-t-g-i-m-i-s-i-o-s on page eight cited at 233 Ga. 354. And, it's (sic) basically states that any writing may be proved by circumstantial evidence; however, this cannot be done solely based on the face of a correspondent (sic) on its own.

I object pursuant to O.C.G.A. 10-12-1, and 10-12-5.

Sherri (State Bar) Jefferson                                    9/18/2017

Page 16

I object based on the arguments raised in Hollis v. State, that even though a person has an email transmitted that appears to be from an individual person, this does not prove genuineness which is required for any type of movement for sanctions, for convictions, et cetera.

I object pursuant to O.C.G.A., 24-1-106, and 24-8-822.

I object because this hearing denies due process predicated upon the Fifth Amendment and it almost mandates a right against self-incrimination.

Moreover, under the Fourteenth Amendment, I object because it's deprivation of property by an arbitrary, discriminatory, capricious, extraordinary state use of the police power that is unconstitutional because of a denial of due process for failure to provide adequate, timely and reasonable notice of this hearing as well as fair, neutral and an impartial trier of fact, the use of a prosecutor who has knowingly failed to properly or adequately investigate the case and has knowingly ignored evidence favorable to Jefferson.

I object under the evidence and offer of proof standard as established in the United States v. Harry, again on page nine.

And, I object regarding inadmissibility under the Hearsay Rule.

Sherri (State Bar) Jefferson                                    9/18/2017

Page 17

And, I would like to tender before the Court, Madam, it's read as Respondent Exhibit A, as in apple, the Affidavit that has just been provided to you and the Court.

And, as far as Sherri Jefferson is concerned, my testimony, I will be pleading the Fifth Amendment, and I think that concludes my participation in this hearing today.    Thank you.

SPECIAL MASTER:  Ms. Jefferson, will you affirmatively state that you've had the opportunity to tell the Special Master everything you want me to hear today?

MS. JEFFERSON:  I will not affirmatively state that because I've not been afforded the opportunity to do that. My objections are before the Court.  Thank you.

SPECIAL MASTER:  The floor is still yours, Ms. Jefferson.  If there's anything else you wish to say, then you would have the opportunity to do that at this time.

MS. JEFFERSON:  I have objected to your participation in this proceeding, Your Honor.  I think my objections are properly before the Court.  Thank you.

(Whereupon, Ms. Jefferson exits the proceedings.)

SPECIAL MASTER:  All right, let the record reflect Ms. Jefferson has left the courtroom and has declined the opportunity to make any further argument or presentation.

Mr. Cobb, the floor is yours.

Sherri (State Bar) Jefferson                                    9/18/2017

Page 18

MR. COBB:  Thank you, Your Honor.

I thought it would be helpful maybe to just start with a brief statement of where we are procedurally in this matter as I stand here before you today.

This hearing was set on the State Bar's Motion for Sanctions for Respondent's Failure to Provide Discovery. And, the Bar is seeking, as you know, the sanction of striking her Answers which would create a false situation, and then under the Rules, the allegations in the formal Complaint will be deemed admitted.

So, if this Motion is granted, the only thing that will remain to be done at this trial level is a final report and recommendation by the Special Master setting out findings of fact, conclusions of law, and recommending particular discipline.  The Rules do not allow for any interlocutory appeals.

Your report and recommendation, then, will doubtlessly go to the Review Panel, because one of the parties will object.  The Review Panel will issue its own report and recommendation.  At that point, the record goes to the Supreme Court.  Objections again can be raised, and the Supreme Court decides, finally, the case.  So, that's the procedural context that we're in.

I'm not going to --  I'm going to assume that the Special Master is familiar with the Motion and the briefs?

Sherri (State Bar) Jefferson                                    9/18/2017

Page 19

SPECIAL MASTER:  I am.  Let me ask you one question about the procedural posture, Mr. Cobb.  I understand that there have been a number of things filed directly with the Supreme Court regarding this.  Do you know what's presently pending, if anything, directly before the Supreme Court?

MR. COBB:  The only thing I know of that's still pending is the Motion to Reconsider the Court's striking of the Challenge of the Special Master that was filed several days ago and stricken by the Court.  That's the only thing I'm aware of.

SPECIAL MASTER:  Okay, thank you.

MR. COBB:  So, I -- I'm not going to regurgitate everything that -- that's in the Motion.  I thought it would be helpful, though, for context and kind of parameters and given some of the defenses that have been raised in Ms. Jefferson's opposition papers to start with a few points of law that I -- I think are important to keep in mind.

First of which is Rule 4-203.1, which is the State Bar's Uniform Service Rule.  And, if I may approach, I have a highlighted copy for you.

SPECIAL MASTER:  Thank you.

MR. COBB:  As you can see 4-203.1(a) requires that lawyers in the State Bar keep an official address on file with membership.  And, as the bold-face indicates, the State Bar of Georgia is to rely upon that official address

Sherri (State Bar) Jefferson                                        9/18/2017

Page 20

in all efforts to contact, communicate with and perfect service upon an attorney.  And any notification of a change of address given to any member -- any department, other than the Membership Department of the State Bar, does not qualify as satisfaction of that Rule.  I raise that simply because of the allegations that have been made about the addresses that have been used to -- in service in the case.

I would also direct your attention on the second page of Rule 4-203.1 to subparagraph C, which deals with service after the formal complaint.  And, as highlighted there, "Service upon the attorney, or upon the party, shall be made by delivering a copy, or by mailing it to him at his last known address."  There's some more about delivery, but that's not an issue in this case.  "Service by mail is complete upon mailing.  Proof of service may be made by certificate of an attorney or his employee, written admission, affidavit, or by other proof satisfactory to the Court."

I raise that because all of the discovery that the Bar served - the Interrogatories, the Requests for Production, as well as everything that the Bar has served - has been accompanied by a Certificate of Service that I personally signed.

SPECIAL MASTER:  Mr. Cobb, let me ask you a question about service.  I noticed in the formal Complaint that

Sherri (State Bar) Jefferson                                      9/18/2017

Page 21

there was -- the Bar had some idea that Ms. Jefferson, at least resided in Clayton County, or at least Fayette Circuit.  The address on file was in Warner Robins.

MR. COBB:  Yes.

SPECIAL MASTER:  Did the Bar have any knowledge of an alternative address in -- in Clayton County to which these things might've been sent?

MR. COBB:  No.  As --  I would refer you to Exhibit Number 7, which was filed with our Notice of Filing.  That's an Affidavit from the Director of Membership of the State Bar that --

SPECIAL MASTER:  Right.

MR. COBB:  -- sets out the addresses.  This Riverdale address that was recently changed to has not been on file with Membership since...I want to say, 2009, something like that.

SPECIAL MASTER:  Okay.

MR. COBB:  Uhm...

SPECIAL MASTER:  So, the only address the Bar had was the official one in Warner Robins?

MR. COBB:  Well, there were other addresses that had been used in the past.

SPECIAL MASTER:  Right.

MR. COBB:  Some of which had been also used to communicate with her.  But, under the Bar Rules, we are

Sherri (State Bar) Jefferson                                    9/18/2017

Page 22

to use for purposes of service the official addresses on

file with the State Bar, and that's what we've done.

        SPECIAL MASTER:  Okay.

        MR. COBB:  I also noted in preparing for this hearing

that Ms. Jefferson's pleadings on the signature page all

use -- all state that address.

        SPECIAL MASTER:  The Warner Robins --

        MR. COBB:  The Warner Robins --

        SPECIAL MASTER:  -- address?

        MR. COBB:  -- address.

        SPECIAL MASTER:  And, none of the -- the mail or the

service mailings ever were returned?

        MR. COBB:  None were returned.  That's Exhibit 8,

which is the Affidavit of Bobbie Kendall who handles those

things for me.

        SPECIAL MASTER:  Okay, thank you.

        MR. COBB:  Certainly.

        So, the other thing I wanted to point out about

4-203.1(c) is that this language, you may have noticed,

tracks almost exactly the language that's in O.C.G.A.

9-11-5.  And just for comparison, I also have a copy of

that (indicating).

        SPECIAL MASTER:  Thank you.

        MR. COBB:  My reason for bringing that is because

there have been a number of instances in which Ms.

Sherri (State Bar) Jefferson                              9/18/2017

Page 23

Jefferson has seemed to indicate service by statutory electronic service.  If you look at 9-11-5(b), like boy, in the middle there it says, "Delivery of a copy also means transmitting a copy via email in a portable document format to the person to be served, using all email addresses provided pursuant to Subsection F of this Code section."

And when you turn to Subsection F, it sets out when electronic service is permissible.  It starts by saying that a person may consent to being served that way.  And, one of the ways to consent is by filing a notice of consent. Nobody has done that.  Another way is to include the person's email address in or below the signature block of the complaint or answer.  That didn't happen either.

So, what you'll notice is that this whole business about electronic service is not in the Bar Rule.  The Bar Rule has no provision for electronic service.  And even if it did, electronic service doesn't attach in this case.

So, the law is that if there's proof of service by an attached certificate by the lawyer - and I'm quoting now from Owen v. M&M Metro Supply, Inc. at 198 Ga. Appeals 420, p. 421, a 1991 case, "Proof of service of pleadings or other papers subsequent to the filing of the original complaint may be by certificate of counsel"; - I'm omitting citations - "Such service is perfected when there is proof of service in one of the ways specified in the statute even

Sherri (State Bar) Jefferson                                    9/18/2017

Page 24

though the adverse party may not have in fact received actual notice," and it cites a precedent for that.

Now, I'm going to demonstrate this morning that Ms. Jefferson did have an actual notice, but my point for purposes of this proceeding is that procedurally the Bar has done everything that it is supposed to do and that it has to do with respect to service.  And, I think you'll find we've done a whole lot more than that.

It occurs to me, Your Honor, that with Ms. Jefferson absent, I'm going to revoke my reservation of time, if I may, and use my entire 30 minutes and answer --

SPECIAL MASTER:  Yes, no -- no rebuttal will --

MR. COBB:  -- whatever questions --

SPECIAL MASTER:  -- be appropriate.

MR. COBB:  -- questions you may have.

So, sanctions for failure to provide discovery.  The -- That's, I think, thoroughly addressed in the Bar's moving papers.  Ms. Jefferson is simply wrong on the law when she says that you've got to do a motion to compel first.  That's just not the law.

The only thing that's happened since filing that brief is that she now has filed what she has denominated as Answers, Responses to both the Interrogatories and the Request for Production of Document (sic).  That was done on September the 8th.  That's nearly three months after

Sherri (State Bar) Jefferson                          9/18/2017

Page 25

they were due.  It's nearly two months after the Sanctions Motion was filed.  And I raise that because the law is also very clear that those filings changed nothing with respect to the Bar's Motion.

I'm going to quote now from American Radiosurgery, Inc. v. Rakes, R-a-k-e-s.  This is at 325 Ga. Appeals 161, at p. 167.  "It is undisputed that when Rakes filed his Motion to Strike in September 2009, neither ARI nor Clark had answered, objected, procured an extension or sought a protective order.  Although the record shows that ARI and Clark thereafter responded to the cited discovery requests" - now it's quoting within the quote - "'once a motion for sanctions has been filed, their imposition cannot be precluded by a belated response made by the opposing party.'"

There's many other citations that I could give to that.  I'll just give a couple for the record.  Brian v. The Nationwide Insurance Company at 183 Ga. Appeals 577, Singleton v. E-Carriers, Inc. at 192 Ga. Appeals 227, and Stregc - that's S-t-r-e-g-c - v. MARTA at 197 Ga. Appeals 88, 1990 case.  Very clear, well-established law.

So, the existence of those filings now should make no difference whatsoever to the outcome of the Motion.

SPECIAL MASTER:  Let me ask you one thing about that. The --  Those Responses consist largely of assertions of

Sherri (State Bar) Jefferson                               9/18/2017

Page 26

the Fifth Amendment with some interlineated material.
What is the Bar's position regarding the responsiveness
of the material, other than the assertion of the Fifth
Amendment?

MR. COBB:  If we had reached that question, they are,
I think, grossly inadequate on their face.  There is
virtually no substantive information provided at all.  And
some of the information -- some of the statements made are
completely contrary to earlier filings.  For example, Ms.
Jefferson claims that it's been so many years ago that she
has no memory and no idea at all what kind of communication
she had with anybody.  Well, her Answer and her Motion to
Dismiss early on in the case are full of detailed
information about what did and didn't happen and to and
from whom and so forth.  So, even if we were to consider
the Responses, I think they are inadequate.  Although they
don't have to be considered, the -- they're Interrogatory
Responses, although they are titled Verified, are not
under oath, so that's not a proper response either.

Does that answer your --

SPECIAL MASTER:  Yes, --

MR. COBB:  -- question?

SPECIAL MASTER:  -- thank you.

MR. COBB:  Okay.  So, now I'd like to turn to the --
basically, the core of what's to be decided today.

Sherri (State Bar) Jefferson                    9/18/2017

Page 27

There is no doubt that Ms. Jefferson totally failed to respond to discovery before the Bar filed a Sanctions Motion.  Indisputable.  So the central issue before you on the Motion is: was that failure conscious or intentional, or was it, on the other hand, accidental or involuntary?  And we addressed that - the Bar did - in its moving papers showing evidence that it's quite obviously intentional and not accidental.

But, now Ms. Jefferson apparently has raised the notion that she did not receive the discovery until September the 5th.  And that's in her Opposition to Sanctions and her Supplemental Opposition to Sanctions, both filed on September 13th.  However, if you look at the record and what you find is on May 11th, the discovery was served by mail, as certified by the Certificate of Service that I signed attached to that.  No mailing, including those, has been returned to the Bar undelivered.

Second, on Sep -- on June the 20th, the Bar mailed a letter to Ms. Jefferson about her failure to respond, and in that letter included, again, copies of the Interrogatories and Document Requests.  The following morning - 9:00 o'clock the following morning, the Bar emailed a PDF of that letter and its enclosures, and included in the email an offer of an extension of time if -- if -- if Ms. Jefferson needed that.  There was no direct

Sherri (State Bar) Jefferson                                9/18/2017

Page 28

response to that.

But there are three times - three separate times when this discovery was sent to Ms. Jefferson.  And then, of course, it was served again with the Sanctions Motion and the Notice of Filing that went along with that.

And, I would submit, Your Honor, that Ms. Jefferson's own filing can make it very clear that she did receive the discovery long before the September 5th date that she has stated in her written submission.

On June the 21st - this is after the 9:00 o'clock email that I just mentioned to her - not having filed anything in this case since March, Ms. Jefferson did two things. First, in the afternoon at about 3:30, she emailed her second supplement to the Motion to Dismiss.  And in that Motion she says, among other things, "Now, he" - referring to Bar Counsel (indicating) - "is seeking information that should've been in the possession, custody and control before filing a formal Complaint.  Mr. Cobb is fully aware that Attorney Sherri Jefferson never communicated with Ms. Moore at ATS, or via ATS emails, school email or other modes of communication.  He's fully aware that Attorney Sherri Jefferson only sent responsive communications to Norwood and Moore following their onslaught of falsified police reports, private citizens warrants," et cetera.  Those are exactly the subjects of the discovery that was served upon

Sherri (State Bar) Jefferson                          9/18/2017

Page 29

her.  She's obviously responding to the actual discovery that she received.

She goes on to say, "Mr. Cobb is using the Complaint to engage in a witch hunt to gather information," obviously referring to discovery.  Later, "Mr. Cobb is now trying to build a case around lies and a witch hunt.  Nevertheless, Attorney Jefferson will not participate in any other proceedings because it's contradictory to the Rules, which mandated that the case be heard within 90 days or less, semicolon, that discovery be conducted within the same period."  Obviously, she's referring there to discovery that was served on her and that she has received.

Then, the second thing that happened on the 21st is that evening a little before 6:00 o'clock she sends another email which basically concludes "stop violating my constitutional and statutory rights."

So, you know, I think it's unavoidable to conclude that those June 21st Responses were responses to receiving the --

SPECIAL MASTER:  Mmh-hmm.

MR. COBB:  -- discovery.

SPECIAL MASTER:  Let me ask you one question.  There was a -- a filing at some point in this sequence that was the first filing that mentioned the Fifth Amendment.

MR. COBB:  Mmh-hmm.

Sherri (State Bar) Jefferson                                9/18/2017

Page 30

SPECIAL MASTER:  Do you happen to know the timing of that particular filing?

MR. COBB:  I do.  That was on...  She emailed that on July the 22nd.  And, I'm glad you brought that up.  The Motion for Sanctions, by the way, was filed on the -- July the 12th.  And the very next day, you sent out an email with a signed Order setting a deadline for responding to the Motion for Sanctions.  And then, it was on the 22nd that she emailed her Fifth Amendment plea.  That was a discovery response.  It says so right in the document.  And she later says so.  You know, in the Interrogatory Responses, for example, at paragraph four, she said, "On July 22, 2017, Sherri Jefferson filed complete responses to discovery in accordance with Federal and State law which authorizes her to plead the Fifth Amendment for any testimony."

Again, in her own words, this was a response to the discovery.  And -- and it was also a response to the Motion for Sanctions, which she also claimed that she had not ever heard of until she heard from you this month.

So, I think, you know, put this together.  Very clearly, her failure to respond was not accidental.  It was not involuntary.  It was conscious.  It was intentional.  And, I guess I just won't take the time right now to talk about the statements that she made about not

Sherri (State Bar) Jefferson                                    9/18/2017

Page 31

receiving the Motion for Sanctions either.

So, a couple of kind of last points, I guess. You know, your decision on this Motion, obviously, has to be based on the evidence before you and on the record as a whole. And, it's the Bar's contention that the evidence that has pre -- been presented and the record as it exists, filed with the Clerk of the State Disciplinary Board, is ample to support the finding of willfulness and conscious refusal to respond to discovery, and that it warrants the sanction of striking the Complaint that the Bar sought.

I want to emphasize two things. One is that just because a party says something doesn't make it true. And just because a party says something, even in writing and filing, doesn't make it true, and doesn't make it evidence. With the single exception that if the party's statement is used against them as an admission, then that is evidence under the Evidence Code. That's O.C.G.A. 24-8-801(d)(2)(A).

So, I think the Bar with its filings and with its references, including those this morning to parts of the record that are pertinent to this decision, we presented evidence on which to support this claim and on which the Court, I think, has ample evidence to rule. I would compare that to an absolute lack of evidence submitted by Ms. Jefferson.

Sherri (State Bar) Jefferson                                    9/18/2017

Page 32

I also want to read a quote from Hayes v. Alexander at 264 Ga. Appeals 815, at page 817.  I know this is common knowledge, but it's good to see it in black and white sometimes, I think.  "In a bench trial, the trial court determines the credibility of witnesses and may accept or reject any part of a witness' testimony even in the absence of contradictory testimony."  And I would submit that if that's true with respect to evidence, it's even more true with respect to non-evidentiary statements that are made.

The evidence, then, is that the State Bar has been precluded from pursuing its case.  Without the discovery that has been served, responses to that discovery and the ability to follow up on it, we are stuck.  We can't go forward.  And I think that the record in the case as a whole makes it very clear that that's exactly what Ms. Jefferson had intended to accomplish.  Because of all that, I would respectfully submit that the State Bar's Motion should be granted.

I'm happy to answer any additional questions that you may have.

SPECIAL MASTER:  No, thank you, Mr. Cobb, I -- I don't have any -- any other questions, other than the same question I asked Ms. Jefferson.  I just want to make sure and ask you to affirmatively state for the record that you've had the opportunity to present to me everything by

Sherri (State Bar) Jefferson                              9/18/2017

Page 33

way of argument or otherwise that you want to present to me in connection with this Motion this morning?

MR. COBB:  I have, Your Honor, including the filings and the presentation today.

SPECIAL MASTER:  All right.  I appreciate that.  Thank you, Mr. Cobb.

I'm going to take the matter under advisement and will issue a -- a written order as soon as it's written.  Okay?

MR. COBB:  Thank you.

SPECIAL MASTER:  Thank you.

(Whereupon, the above-entitled matter was concluded at 9:41 a.m.)

oOo

Sherri (State Bar) Jefferson                        9/18/2017

Page 34

C E R T I F I C A T E

STATE OF GEORGIA     )

COUNTY OF CHEROKEE   )

          I hereby certify that the foregoing hearing was taken down by me, as stated in the caption; that the foregoing pages 5 through 33 represent a true, correct, and complete transcript of the hearing on September 18, 2017; that I am not a relative, employee, attorney or counsel of any of the parties; am not a relative or employee of attorney or counsel for any of said parties; nor am I financially interested in the outcome of the action.

          This the 21st day of September, 2017.

_____
Joyce Oglesby
Certified Verbatim Reporter
CCR# 0656



## The Supreme Court of the State of Georgia

## Disciplinary Board

IN RE: Sherri Jefferson

Supreme Court Case No: S17B0997

State Board No.: 6888 and 6889

## JEFFERSON'S SWORN WRITTEN OBJECTIONS TO THE SEPTEMBER 18, 2017 HEARING AND MOTION FOR SANCTIONS

COMES NOW, Sherri Jefferson and hereby files this her, SWORN WRITTEN OBJECTIONS/CHALLENGES TO THE MONDAY, SEPTEMBER 18, 2017 HEARING ON THE MOTION FOR SANCTIONS, TESTIMONY; OFFER, PROFFER OR ADMISSION OF EVIDENCE, RULING, AND ORDERS, AND ALL OTHER MATTERS RELATING TO THE HEARING AND BAR PROCEEDINGS, and shows,

**The following statements are made under oath.**

Jefferson, hereby attest and state, that she hereby objects, challenges and raise issues to the Monday, September 18, 2017 Motion for Sanctions and Hearing and to all applicable testimony; offer, proffer or admission of evidence, ruling and orders, and all other matters relating to the hearing and Bar proceedings.

### Overview of Objections, Challenges and Issues

For preliminary matters, Georgia courts have held that "A constitutional question will not be decided unless it is essential to the resolution of the case". Bagwell v. Cash, 207 Ga. 222, 223(4), 60 S.E.2d 628 (1950). In the instant matter, the applicability of the Fifth Amendment and the Fourteenth Amendment of the United States and Georgia Constitution is essential to the resolution of this case/proceeding regarding denial of due process; fairness of the proceedings and the partiality of the trier of fact as well as deprivation of property.

The following objections are squared, in part, by the "Preservation of error. Issues and objections not raised to the trial court and ruled on by the trial court cannot be raised for the first time on appeal because they are deemed waived. **City of Dalton v. Smith**, 210 Ga. App. 858, 859 (1) (437 SE2d 827) (1993). See also **Champion**

**Windows of Chattanooga v. Edwards,** 326 Ga. App. 232, 242 (2), (756 SE2d 314) (2014) ("Issues and objections not raised in the trial court are deemed waived and cannot be raised for the first time on appeal.") (citation and punctuation omitted).

"Once the court makes a definitive ruling on the record admitting or excluding any evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve such claim of error for appeal." O.C.G.A. § 24-1-103(a). See also "Plain Error Rule" O.C.G.A. § 24-1-103(d). See also Rule 4- 210 (10) and Rule 4-217 (d) et seq.

Similarly argued, in **McDowell v. Hartzog,** Georgia Supreme Court Case No. S12G0369 (decided January 7, 2013), the Georgia Supreme Court clarified[1] "that because the attorney had stated specific ground for the objection during the charge conference, he adequately preserved the issue for appeal by referencing that earlier objection after the trial judge instructed the jury.  The Georgia Supreme Court concluded that no purpose was served by requiring counsel to restate fully the same grounds for objecting."

**O.C.G.A. § 9-11-46(b)** applies to civil cases:

(b) When motion for mistrial or **other like relief is made**, the questions is thereby presented as to whether the moving party is entitled to the relief therein sought or to any lesser relief, and where such motion is denied in whole or in part, it shall not be necessary that the moving party thereafter renew his motion or otherwise seek further ruling by the court.

### Background

**Procedural History**

Following a frivolous bar complaint filed from August 2009 – October 2014 regarding the Norwood case (*dismissed 4-years later after the State Bar try to use to gain leverage in the Jefferson-SBGA litigation in Hall and Fulton County.  The Bar offered Jefferson money and dismissal of the bar complaint in exchange for dismissal of her lawsuit, she declined*); on January 28, 2017, the State Bar of Georgia Office of General Counsel advanced another frivolous bar complaint against Sherri Jefferson, which is replete with factual lies and unsupported by any

---

law or evidence. Jefferson filed her Answer on February 1, 2017 and then, filed her Motion to Dismiss and a supplement.

In March 2017, Mr. Longan, Mr. Cobb, Ms. Bagley, Mr. Askew and others from the bar and review panel engaged in written communications. The communications were in response to Jefferson's timely filed Motion to Disqualify and Replace Mr. Longan as the Special Master. Pursuant to Rule 4-209 (d), the initial Motion was filed on February 1, 2017 within 10-days of the filing of the bar complaint and Answer.

As noted in the Disqualification petition, Jefferson moved to disqualify for reasons to include, but not limited to, his political, economic, social, and personal interest, such as his participation in the collusion to prejudge or predetermine the outcome of these proceedings; his employment relationship with Mercer University whom Jefferson successfully sued after they loss their motion for summary judgment/motion to dismiss; his relationship with JMLS where Jefferson attended and graduated from law school; and his relationship with the Macon Judge on the review panel and the judge and lawyer from Macon who unsuccessfully filed a bar complaint against Jefferson and threatened to sue her without legal or just cause.

The Office of General Counsel wrote and neither Longan, Bagley, Askew nor others objected, that in lieu of responding to the Motion to Disqualify or Replace Mr. Longan and to avoid review by the Supreme Court of Georgia, that they would use the Discovery process to seek both sanctions and contempt against Jefferson. This process would prevent the Supreme Court of Georgia from considering or reviewing the findings of fact and law report required of Special Masters to be filed in accordance with Rule 4-213.

Since February 1, 2017 Jefferson filed her Motion to Dismiss, which Longan ignored and refused to timely decide.

Six months later, the Bar filed Discovery request and then moved for sanctions via this proceeding.

**Discovery to Circumvent Rule 4-213**

On September 4, 2017 Longan sent Jefferson an email with a September 8, 2017 deadline. Monday was an official holiday – Labor Day. Jefferson was on vacation through September 10, 2017. In the email, he alleged that he asked Jefferson three days earlier for a date to schedule a Motion for Sanctions hearing. However, Jefferson did not receive any communication from August 30, 2017 and attended

3

the Georgia School Justice Partnership Summit. Jefferson knows that either Michele Barclay of the Judicial Council or someone from the Bar communicated her attendance. Especially, if the Bar now claims that they chose that day to demand her appearance at a Motion for Sanction hearing.

Nevertheless, on September 5, 2017 Longan unilaterally scheduled the hearing anyway negating his own instructions. He scheduled the hearing after Jefferson replied that she was on vacation, but after he received information about Jefferson's communications regarding the U.S. Senate press release about her role with sex trafficking in Georgia and CDA 230 as well as the exact day for the week of September 18, 2017. At all times, he knew and had reason to know that Jefferson had a well-publicized trip to Washington, DC to advocate for her pending SCOTUS case (*Heard v. GA Dept. of Human Services #16-9273*) on the rights of indigents, noncustodial parents regarding child support accrued during incarceration and denial of direct appeal. The scheduled conference is September 25, 2017.

**Pending Appeals and Motions**

Jefferson has pending before the Supreme Court of Georgia her timely filed motion for disqualification and replacement; Jefferson has pending before the Board (Review Panel and Special Master Coordinator) her Motion for Disqualification, Replacement and Appointment of Mr. Longan, Mr. Cobb, Ms. Bagley et al. Plus, several appeals under Rule 4-217 are pending before the Board and Review Panel and Special Master coordinator.

**Complied with Discovery**

Jefferson received an email on September 5, 2017 from Mr. Cobb with Discovery request. Although on vacation, Jefferson immediately filed verified responses to his Interrogatories and Notice to Produce. She also filed a Motion to Vacate the Hearing as well as her verified Response in Opposition to the Motion for Sanctions.

**Denial of Due Process**

Although the State Bar of Georgia alleges that "licenses" to practice law are a privilege and not a property right, the permission to practice may be deemed a privilege, but the avenue to secure a license and the process to maintain the license creates a property interest.

Therefore, the U.S. Supreme Court recognizes that due process protection applies to license revocation actions by the state. In the instant matter, the Office of General Counsel lacks any evidence to support even the lower standard of the rational basis review tier for disciplinary or removal procedure of Jefferson's license as her property rights. While the Bar alleges violations of Rules 3.3, 4.2, 8.1 and 8.4, none of their Discovery request or evidence supports a finding of any violations of these Rules.

Furthermore, a demand for access to testimony from Jefferson does not support violation of any of these Rules. Surely, if someone is alleging that Jefferson communicated with them during legal representation (Rule 4.2), where is their evidence of the communications with dates, times and location. If someone is alleging that Jefferson engaged in violation of Rule 3.3, where is their proof to support these violations. The State Bar of Georgia, Office of General Counsel is engaged in a witch-hunt and a fishing expedition driven by corruption, racism, abuse and politics (CRAP) to silence Jefferson's advocacy for sex trafficking and justice reform.

### Issues, Objections and Challenges

The following objections are not exhaustive of the objections filed to date. **I, Sherri Jefferson, hereby object,**

**Issue/Challenges/Objection** on grounds that the use of Discovery as-applied in this instant matter is in violation of the Bar rules and violates Jefferson's right to a Speedy Trial pursuant to Rule 4-213.

**Issue/Challenges/Objection** because the Motion for Sanctions is a violation of Jefferson's constitutional rights under the 5th Amendment to force her to testify against herself and 14th Amendment and a mere scheduled "hearing" does not negate the collusion between the Mr. Cobb, Mr. Longan, Ms. Bagley, Mr. Askew et al to use this hearing to circumvent and deny Jefferson due process under the Rules.

**Issue/Challenges/Objection** because these proceedings violate Rules 4-209(d) and 4-209.3 (5), Rule 4-210 (10) and Rule 4-217 (d).

**Challenge/Objection** on the grounds 5th Amendment protections because "A party does not lose his Fifth Amendment right in a civil proceeding. See Maness v. Meyers, 419 U.S. 449 (1975) (The Fifth Amendment may be asserted in any proceeding civil, criminal, administrative, investigatory, judicial or adjudicatory.)

In Hoffman v. United States, 341 U.S. 479 (1951), the Supreme Court of the United States held that privilege may be invoke against all inquest, which are or may be directly related to or cause of "link" in the chain of evidence necessary to prosecute, now or in the future. Considering Mr. Cobb has engaged in ex-parte communications with Judge Robert Turner and Timothy Batten to prevent them from addressing a Department of Justice complaint (2015), he is solely using these proceedings to falsely accuse Jefferson of wrongdoing to assist these judges regarding the issuance of a private citizen warrant in violation of Jefferson's civil and constitutional rights.

**Challenge/Objection** on 5th Amendment grounds supported by Andresen v. Maryland, 49 L.Ed. 2d 627, 96 S.Ct. 2737 (1976), the Supreme Court of the United States has recognized that a litigant should not be forced to give any testimony from his own mouth that would or could result in incrimination of himself or that a litigant or the government can use against said person now or in the future. Further, in McCarthy v. Arndstein, 266 U.S. 34 (1924) the Court extended the protections under the Fifth Amendment to be exercised in civil proceedings, where anything said by the litigant could or may be used, now or in the future, in criminal proceedings.

**Challenge/Objection** because the Discovery does not and did not seek information necessary to litigate Rules 4.2, 3.3, 8.1 or 8.4. and is a fishing expedition with the intent to gain access to confidential communications Jefferson maintains regarding sex trafficking in Georgia and across this nation. Also see Mazda Motor Corp., 123 F.3d 1353, 1368 n.37.

## General

Objection on the grounds of **O.C.G.A. § 24-1-104(a) and O.C.G.A. § 24-1-104(b)**, which vest Patrick Longan who is the subject of Disqualifications and Replacement with authority to make finding of fact and law regarding evidence and testimony.

Objection because OCGA 9-11-37 (d) (1) requires proof of "**Willful Misconduct**[2]," which is a question of fact. Patrick Longan is not permitted to considered these facts because of the pending Motion to Disqualify and Replace him due to his bias, prejudices, prejudgment of the outcome of the case and acts in

---

[2] . See Aetna Life Insurance Company v. Carroll (1929), Froechlich at 297 GA 551, Chandler Telecom, LLC S16G0595 (decided Feb. 2017) and even In Re Sherri Jefferson.

6

furtherance of his agreement or collusion to aid and abet the State Bar Office of General Counsel to prejudge the outcome of this case via sanctions to circumvent the evidentiary hearing and supreme court review under Rule 4-213.

Objection to **overly broad** Discovery and demand for responses to matters outside of the scope of the issue before the "Board."

Objection to the use of "digital evidence" based on lack of **authentication and admissibility** -

 - ❖ Identity Management Challenge
 - ❖ Is the Computer Program That Generated the Records Reliable?
 - ❖ Was the output of the computer what it is purported to be?
 - ❖ Were the Records Altered, Manipulated, or Damaged After They Were Created?
 - ❖ Changes to photographs and videos can be made
 - ❖ What is the chain of custody of the document used in support of this complaint
 - ❖ Incompleteness and Integrity
 - ❖ No witness or personal testimony regarding the purported communications are before this Board/Court.

Objection based upon **Relevance** because nothing sought by or proffered by the Bar via its Discovery or Motion for Sanction goes to establish violation of **Rules 8.1, 8.4, 3.3 or 4.2** and it lack "any tendency" to prove or disprove a consequential fact in this complaint, proceeding, or motion before this Court.

Objection on the grounds of **Authenticity** as to any purported use of electronic communication,

Objection on the grounds of **Hearsay** regarding any out-of-court statement introduced for the truth of the matter asserted; or to the use of any document or record the Bar uses as substantive evidence.

Objection on grounds of failing to have any evidence pursuant to O.C.G.A. §24-9-901

Objection on grounds of failure to establish an exception of the "**Hearsay Exception Rule**" as to admissibility of alleged electronic or other communications, records, or documents not certified by court, nonverified, not authenticated, etc.

Objection on grounds of the **Best Evidence standard** of use of electronic communications or other documents.

Objection on grounds that the **Probative Value Must Outweigh Any Prejudicial Effect** regarding the use of any electronic communications and or records and under the Rules, any what could be deemed as "relevant evidence" is subject to inadmissibility under this objection.

Objection on the grounds argued in **Smith v. Hatgimisios**, 233 Ga. 354, 211 S.E.2d 306 (1974); see also Ross v. State, 194 Ga. App. 464, 390 S.E.2d 671 (1990) ("Although the genuineness of a writing may be proved by circumstantial evidence, this cannot be done solely by the face of the letter itself."). Similarly argued, electronic communications (text and emails) cannot be Authenticated as to the actual user of the sender or receiver of the message. **O.C.G.A. §10-12-1 to 10-12-5**. The mere fact that a document or electronic message states that it is from Jefferson is never enough, by itself, to authenticate the document.

Objection to admissibility of any document, email, or record that is purportedly from Sherri Jefferson without her sworn testimony, because anyone who once had or has access to a document, pleading, record or letter sent by the Family Law Center or Sherri Jefferson would have access to her signature, email address, or letterhead. Depending upon any connection or relationship, persons may also have access to her computer or the ability to hack her computer or cellular telephone. **Hollis v. State,**

298 Ga.App. 1, 3, 679 S.E.2d 47 (2009) ("Though the email transmission in question appears to have come from P.M.'s email address, this does not prove genuineness")

Objection because the Bar has tried to use alleged "excerpts" "parts" or inconsistent" statement as evidence of a whole communication or conversation in violation of O.C.G.A.

§ 24-1-106 and O.C.G.A. § 24-8-822

**Denial of Due Process**

Objection because these proceedings violation due process because Jefferson is denied a neutral and impartial trier of fact.

Objection under violation of the Fifth Amendment right against self-incrimination

Objection under violation of the Fourteenth Amendment and deprivation of property by an arbitrary, discriminatory, capricious and extraordinary state use of the police power that is unconstitutional because of denial of due process for failure to provide adequate, timely and reasonable notice of hearing as well as a fair, neutral and impartial trier of fact, and the use of a prosecutor who has knowingly failed to properly or adequately investigate the case and has knowingly ignored evidence favorable to Jefferson

**Evidence and Offer of Proof**

United States v. Harry, 816 F3d 1268, 1283 (10th Cir. 2016). See also Fed. R. Evid. 103 advisory committee notes on 1972 proposed rules

OCGA § 24-1-103 (a) (2) ·

Lupoe v. State, 300 Ga. 233, 247 (794 SE2d 67) (2016)

**Inadmissibility under Hearsay Rule**

OCGA § 24-8-803 (6)

**WHEREFORE**, having timely objected, challenged and raised issues before this "Court/Board/Panel", the objections are preserved.

**I swear or affirm under oath that the information on this Objection is true and correct to the best of my knowledge and belief.**

Date:

Printed: Sherri Jefferson _____ *Sherri Jefferson*

Signature:

SUBSCRIBED AND SWORN TO before me this __17__ day of Sept 2017

My Commission Expires: *May 8, 2018*

By: *Nancy J Mill*

Deputy Clerk / Notary Public

This 17th, day of September 2017

9

/s/ Sherri Jefferson

SBGA 387645

Email: attysjjeff@aol.com

## CERTIFICATE OF SERVICE

I hereby serve a copy of the within pleading upon opposing counsel as follows:

REVIEW PANEL MEMBERS

Mr. Anthony B. Askew

Meunier Carlin & Curfman, LLC

999 Peachtree Street, NE, Suite 1300

Atlanta, GA 30309

aaskew@mcciplaw.com


Mr. Halsey George Knapp, Jr.

Krevolin & Horst LLC

1201 W. Peachtree Street NW Suite 3250

Atlanta, GA 30309

Email:     hknapp@khlawfirm.com


Mr. Charles B. Marsh

Swift Currie McGhee & Hiers LLP

1355 Peachtree Street NE Suite 300

Atlanta, GA 30309-3238

brad.marsh@swiftcurrie.com

Mr. Oliver Wendell Horne, III

Reynolds Horne & Survant

PO Box 26610

Macon, GA 31221-6610

whorne@reynoldsinjurylaw.com


Mr. Jeffery O'Neal Monroe

Bibb County State Court

PO Box 5086

Macon, GA 31213-7199

jomonroe@maconbibb.us


Mr. Ralph F. Simpson

Simpson Mediation Services

3027 Park Avenue North

Tifton, GA 31794

rfs@simpsonmediation.com


Ms. Sarah Brown Akins

Ellis Painter Ratterree & Adams LLP

2 East Bryan Street, 10th Floor

PO Box 9946

Savannah, GA 31412

sbakins@epra-law.com

Mr. Thomas Reuben Burnside, III

Burnside Law Firm LLP

2919 Professional Parkway

PO Box 15636

Augusta, GA 30907

trb3@burnsidefirm.com


Ms. Aimee Lynn Pickett

Alston & Bird LLP

One Atlantic Center

1201 W Peachtree Street

Atlanta, GA 30309

aimee.sanders@alston.com


Mr. Clarence Pennie

M G Systems Inc

771 Shallowford Road Ne 225

Kennesaw, GA 30144


Dr. P. Alice Rogers

Candler School of Theology

Rita Anne Rollins Building

1531 Dickey Drive

Atlanta, Georgia 30322 USA

alice.rogers@emory.edu

Mr. Patrick T. O'Connor

Oliver Maner LLP

218 West State Street

PO Box 10186

Savannah, GA 31412-0386

pto@olivermaner.com


Mrs. Jennifer Campbell Mock

The Mock Law Firm, LLC

326 South Main Street

PO Box 159

Statesboro, GA 30459

jennifer@mocklaw.com


Ms. Bridget B. Bagley

2750 Wyngate, N.W.

Atlanta, GA 30305

bagley.bb@gmail.com


Jessica Olvesy

State Bar of Georgia

Clerk of Board

104 Marietta Street

Atlanta, Georgia 30303

jessicao@gabar.org

William Cobb

State Bar of Georgia

Office of General Counsel

104 Marietta Street

Atlanta, Georgia 30303

Paula Frederick

State Bar of Georgia

Office of General Counsel

104 Marietta Street

Atlanta, Georgia 30303

paulaf@gabar.org

Byran Cavan

Miller and Martin

1170 Peachtree Street

Atlanta, Georgia 30309

Herman M. Kilgore

Kilgore & Rodriguez LLC

36 Ayers Avenue

Marietta, GA 30060

Kilgore.Law@Comcast.net

14

Buck Roger

President of the State Bar of Georgia

Brian D. "Buck" Rogers

Fried Rogers Goldberg LLC

3560 Lenox Road NE

Suite 1250

Atlanta, GA 30326

buck@frg-law.com


President-Elect

Kenneth B. Hodges III

Ken Hodges Law

2719 Buford Highway NE

Atlanta, GA 30324

ken@kenhodgeslaw.com

Ms. Bridget B. Bagley

2750 Wyngate, N.W.

Atlanta, GA 30305

Email: bagley.bb@gmail.com


Mr. John G. Haubenreich, Chairperson for Disciplinary Committee

Seacrest, Karesh, Tate & Bicknese, LLP

56 Perimeter Center East, Suite 450

Atlanta, GA 30346

15

Email: jgh@sktblaw.com

Anthony Askew – RP Chair

Meunier Carlin & Curfman, LLC

999 Peachtree Street

Atlanta, GA 30309

TAskew@mcciplaw.com

Sherry Boston – IP Chair

Dekalb County Solicitor General's Office

556 McDonough

Deactur, Georgia 30030

sboston@dekalbcountyga.gov

Patrick Longan

Mercer University

1021 Georgia Avenue

Macon, GA 31207

LONGAN_P@law.mercer.edu

Sharon Byrant

State Bar of Georgia

104 Marietta Street

Atlanta, Georgia 30303

sharonb@gabar.org

This 17th day of September 2017

/s/ Sherri Jefferson

SBGA 387645

Email: attysjjeff@aol.com

*Honorable Clerk of Court,*

*Please find my action, plus filing fee.*

I may be reached at 770-374-9591 with any questions or Email: attysjjeff@aol.com

Thank you very much for your anticipated cooperation.

Jefferson

*Honorable Clerk of Court,*

*Please find my action, plus filing fee.*

I may be reached at 770-374-9591 with any questions or Email: attysjjeff@aol.com

Thank you very much for your anticipated cooperation.


Jefferson

*Honorable Clerk of Court,*

*Please find my action, plus filing fee.*

I may be reached at 770-374-9591 with any questions or Email: attysjjeff@aol.com

Thank you very much for your anticipated cooperation.

Jefferson